DAVID ADELSTEIN (SBN 105250)
dadelstein@BushGottlieb.com
DAVID E. AHDOOT (SBN 245133)
dahdoot@BushGottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 91203-3345
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Plaintiffs Directors of the
Motion Picture Industry Pension Plan and
Directors of the Motion Picture Industry
Health Plan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>NU IMAGE, INC., a California corporation,<br><br>Defendant. | CASE NO. 13-cv-03224-CAS (CWx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>DISCOVERY MATTER |

In light of the parties' Joint Stipulation for Protective Order, and good cause appearing, the Court hereby grants the parties' stipulation and hereby orders as follows:

1. As used in this Protective Order, these terms have the following meanings:

   a. "Attorneys" means present or future counsel of record;

    b. "Confidential" information shall consist of Documents designated pursuant to paragraph 2;

    c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    d. "Attorneys' Eyes Only" information shall consist of Documents designated pursuant to paragraph 3;

    e. "Outside Vendors" means messenger, copy, coding, and other clerical or electronic service vendors not employed by a Party or its Attorneys; and

    f. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate a Document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c).

3. A party may designate a Document "Attorneys' Eyes Only" if the producing party in good faith considers the Document to contain proprietary information of a highly sensitive nature.

4. All Confidential and Attorneys' Eyes Only Documents, along with the information contained in the Documents, shall be used solely for the purpose of this action.

5. Access to any Attorneys' Eyes Only Documents shall be limited to the Attorneys of record, their law firms, and any outside independent persons who are retained by a party or its Attorneys to furnish expert services regarding the claims or defenses in this action and/or to give testimony in this action ("Experts"), who provide Written Assurance confirming agreement to the terms of this Stipulated Protective Order. For the avoidance of doubt, the parties' Experts, Attorneys of Record and their law firms do not include any officers, agents, or employees of the parties even though he or she may be an attorney. Any party or third party producing a document designated as Attorneys' Eyes Only shall also produce a

redacted copy of that document that an Attorney of Record may provide to his or her client for the purpose of educating the client about claims or defenses.

6. Access to any Confidential Documents shall be limited to:

   a. the Court and its staff;

   b. Attorneys, their law firms and their Outside Vendors who provide Written Assurance confirming agreement to the terms of this Stipulated Protective Order;

   c. persons shown on the face of the document to have authored or received it;

   d. court reporters retained to transcribe testimony;

   e. outside independent persons who are retained by a party or its Attorneys to furnish expert services regarding the claims or defenses in this action, and/or to give testimony in this action, who provide Written Assurance confirming agreement to the terms of this Stipulated Protective Order;

   f. witnesses, deponents and their counsel, during the course of, or in preparation for, depositions or testimony who provide Written Assurance confirming agreement to the terms of this Stipulated Protective Order; and

   g. the parties who provide Written Assurance confirming agreement to the terms of this Stipulated Protective Order.

7. Third parties producing Documents in the course of this action may also designate Documents as "Confidential" or "Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All Documents produced by such third parties shall be treated as Confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as Confidential or Attorneys' Eyes Only pursuant to the terms of the Protective Order.

8. Each person designated pursuant to paragraphs 5 and 6 to receive Confidential or Attorneys' Eyes Only information subject to providing Written Assurance shall execute such assurance in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose Confidential or Attorneys' Eyes Only Documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All depositions or portions of depositions taken in this action, or exhibits thereto that contain confidential information may be designated Confidential or Attorneys' Eyes Only and thereby obtain the protections accorded other Documents receiving those designations. Designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Attorneys' Eyes Only information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify Documents as Confidential or Attorneys' Eyes Only shall, promptly upon discovery of its oversight, provide written notice of the error, specify the Document with sufficient particularity necessary to identify such Document and substitute appropriately-designated Documents. Any party receiving such improperly-designated Documents shall retrieve such Documents from persons not entitled to receive those

Documents and, upon receipt of the substitute Documents, shall return or destroy the improperly-designated Documents.

11. A party may file a Document containing Confidential information with the Court through normal course procedures, after providing the designating party with twenty-one days notice and participating in a meet and confer upon request. Prior to the disclosure at trial or a hearing of Confidential Documents, the parties may seek further protections against public disclosure. Documents designated Attorneys' Eyes Only may not be filed with the Court except that a party must first either seek leave of the Court to file such Documents under seal or seek a change in designation pursuant to the procedure discussed in paragraph 12.

12. Any party may request a change in the designation of any information designated as Confidential or Attorneys' Eyes Only. Such a request must be in writing, sent to the Attorneys via email, and specify the Document at issue with sufficient particularity necessary to identify the applicable Document. Any such Document shall continue to be treated as designated for 30 days, during which time the party seeking to change the designation may file a motion with the Court for appropriate relief, providing notice to any third party whose designation of produced documents in the action may be affected. Once the asserting party has moved the Court for appropriate relief, the document will shall be treated as originally designated until resolved by the Court. The designating party shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). If the asserting party does not file a motion with the Court for relief within the 30 day period, the designation remains unchanged.

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all Documents designated by the opposing party as Confidential or Attorneys' Eyes Only and all copies of such Documents, and shall destroy all extracts and/or data taken from such

Documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all Documents filed with the Court and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Stipulation shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. Nothing contained in this Order shall limit the use of any Confidential material at trial or in any hearing before the Court, except provided that any party has the opportunity to seek further protections of Confidential Documents against public disclosure.

17. The parties intend to proceed with Document production in this matter in a prompt and efficient manner without waiving their respective abilities to assert the protections of the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege.

18. Because the parties recognize that inadvertent disclosure of material protected by attorney-client privilege, the attorney work-product doctrine or any other applicable privilege ("Privileged Material") may occur during the course of production, the parties wish to agree upon a "clawback" procedure that will apply in the event that any Privileged Material is inadvertently produced. By producing any Document, the producing party does not waive its right to subsequently assert that certain produced Documents are Privileged Material. A producing party must identify with sufficient particularity necessary to identify the applicable Document

that it subsequently wishes to designate as Privileged Material. A receiving party will not challenge the producing party's right to assert that certain produced Documents are Privileged Material, but the receiving party retains the right to refute the claim of privilege. The receiving party will not assert that, pursuant to Federal Rule of Evidence 502(b), any such disclosure of Privileged Material shall be considered "inadvertent" and that the producing party took reasonable steps to prevent it. By any production of Privileged Material, the producing party does not intend to waive, and is not in fact waiving, as to the receiving party or any third party, the protection of the attorney client-privilege, attorney work-product doctrine, or any other applicable privilege regarding the Privileged Material.

19. A receiving party will not assert in this or any other matter that (a) the producing party, by its production of Privileged Material, intends to waive, or is in fact waiving, as to the government or any third party, the protection of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege regarding the Privileged Material; or (b) the production of Privileged Material pursuant to this Stipulation constitutes a waiver by the producing party as to the government or any third party of the protection of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege regarding the Privileged Material.

20. If the producing party discovers it has inadvertently disclosed Privileged Material, the producing party shall promptly upon discovery of such disclosure advise the receiving party in writing, identify the Privileged Material with sufficient particularity necessary to identify the applicable Document and request that the Privileged Material be returned or destroyed. Upon receiving such notification from the producing party, or upon independently discovering that the producing party inadvertently has produced Privileged Material, the receiving party shall promptly (within five days) return the Privileged Material to the producing

party or destroy the Privileged Material, including all copies thereof and any other Document or information derived from such inadvertently produced Privileged Material. A receiving party will use all reasonable efforts to preserve the confidentiality of the Privileged Material until such time as it is returned or destroyed, and agree that they will not use the Privileged Material in this or any other proceeding. The producing party will add any such returned or destroyed Privileged Material to its privilege log and will state the basis for withholding the Document from production.

21. The obligations imposed by the Protective Order shall survive the termination of this action.

**IT IS SO ORDERED.**

Dated: February 26, 2014

*Carla M. Woehrle*
Honorable Carla Woehrle
United States Magistrate Judge