UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-03224-CAS(CWx) | Date | February 28, 2014 |
|---|---|---|---|
| Title | DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. NU IMAGE INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) PLAINTIFFS' MOTION TO STRIKE
(Dkt. #30, filed Jan. 27, 2014)

   The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 3, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

   Plaintiffs filed this action on May 6, 2013, against defendant Nu Image, Inc. Dkt. #1. The plaintiffs are: the Directors of the Motion Picture Industry Pension Plan; and the Directors of the Motion Picture Industry Health Plan. The operative First Amended Complaint ("FAC") asserts claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141, et seq.

   In brief, plaintiffs allege that they administer the assets of two employee benefit plans—the Motion Picture Industry Pension Plan and the Motion Picture Industry Health Plan. FAC ¶ 4. Plaintiffs further allege that these plans were created pursuant to written declarations of trust ("Trust Agreements") between the International Alliance of Theatrical Stage Employees ("IATSE"), other labor organizations, and motion picture and television producer employers. Id. Additionally, plaintiffs allege that defendant entered into a written agreement in May 2006, with IATSE. Id. ¶ 8. According to plaintiffs, defendant agreed that, if it made a motion picture using any of its controlled entities, it would cause that entity to sign the "Basic Agreement" between IATSE and the producer employers. Id. Plaintiffs allege that this Basic Agreement included an obligation to pay contributions to the plans. Id. Plaintiffs also allege that, in May 2006,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03224-CAS(CWx) | Date | February 28, 2014 |
|---|---|---|---|
| Title | DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. NU IMAGE INC. | | |

defendant signed a trust acceptance, in which it agreed to be bound by the Trust Agreements governing the Plans. Id. ¶ 9.

Plaintiffs allege that, since 2006, "at least twenty" of defendant's controlled entities have produced motion pictures pursuant to the Basic Agreement and the Trust Agreements. Id. ¶ 10. Additionally, plaintiffs allege that the controlled entities involved in these productions each signed a written project agreement and a written trust acceptance agreement, in which the entities agreed to be bound by the Trust Agreements governing the plans. Id. ¶ 11. Plaintiffs further allege that, pursuant to the Guarantee Agreement, the project agreements, the Basic Agreement, and the Trust Agreements, defendant and its controlled entities were required to make monetary contributions to the plans based on a percentage of gross receipts derived from the exploitation of the motion pictures. Id. ¶ 13. Plaintiffs allege that defendant and its controlled entities have breached these agreements by failing to make the contributions required by these agreements. Id. ¶ 16.

Defendant filed an answer to the FAC on January 6, 2014. Dkt. #28. The answer asserts, among other things, that plaintiffs provided oral assurances that notwithstanding the language of the Guarantee Agreement, the Basic Agreement, and the Trust Agreements, defendant's obligations to make contributions to the Plans would not be enforced. Answer, Ninth Aff. Def. ¶¶ 1-17. Based on these allegations, the answer asserts the affirmative defense that plaintiffs are equitably estopped from enforcing the provisions of the various written agreements that require defendant and its controlled entities to make benefit plan contributions.

On January 27, 2014, plaintiffs filed a motion to strike this affirmative defense and related allegations in the answer. Dkt. #30. Defendant filed an opposition on February 7, 2014, dkt. #36, and plaintiffs replied on February 17, 2014, dkt. #38. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03224-CAS(CWx) | Date | February 28, 2014 |
|---|---|---|---|
| Title | DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. NU IMAGE INC. | | |

which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III. DISCUSSION

Plaintiff requests that the Court strike the ninth affirmative defense asserting equitable estoppel and related allegations from defendant's answer. Plaintiffs argue that the defense should be stricken because the federal common law governing ERISA and LMRA does not permit the assertion of an equitable estoppel defense based on an alleged oral modification of a written agreement. Mot. Strike at 5-10. Defendant responds that it has adequately alleged the elements of an equitable estoppel defense, and that the viability of its defense should be tested on a motion for summary judgment or at trial, after further development of the factual record. Opp. at 9-17.

The Court agrees. The defense of equitable estoppel consists of the following elements:

> (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

Bob's Big Boy Family Restaurants v. NLRB, 625 F.2d 850, 854 (9th Cir. 1980) (quoting Hampton v. Paramount Pictures Corp., 279 F.2d 100 (9th Cir. 1960)). As a general matter, the defense of equitable estoppel is available in actions under ERISA and the LMRA. Audit Servs., Inc. v. Rolfson, 641 F.2d 757, 762 (9th Cir. 1981); Or. Laborers-Employers Trust Funds v. Pac. Fence and Wire Co., 726 F. Supp. 786, 788 (D. Or. 1989) ("The Ninth Circuit has allowed an employer to raise the defense of estoppel in an action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03224-CAS(CWx) | Date | February 28, 2014 |
|---|---|---|---|
| Title | DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. NU IMAGE INC. | | |

to collect delinquent trust fund contributions."). Here, defendant alleges that fiduciaries of the Plans knowingly represented to defendant that plaintiffs would not enforce provisions of the written agreements that required contributions to the plans. Answer, Ninth Aff. Def. ¶¶ 1-2. Additionally, defendants allege that they relied on these representations in deciding to sign the Basic Agreement, and are now suffering injury because they are facing liability for failure to contribute to the Plans. Id. ¶¶ 14-17.

While it is true that modifications of collective bargaining agreements and benefit plan agreements must generally be in writing, see, e.g., Rolfson, 641 F.2d at 761 ("Because the documentary evidence was clear and unambiguous, the district court properly rejected contradictory extrinsic evidence."); Sprague v. Gen. Motors Corp., 133 F.3d 388, 402 (6th Cir. 1998) ("Our court has consistently refused to recognize oral modifications to written plan documents."), some courts have suggested that an equitable estoppel defense may be asserted based on oral representations of a plan fiduciary, see Teamsters & Employers Welfare Trust v. Gorman Bros. Ready Mix, 283 F.3d 877, 883 (7th Cir. 2002) (Posner, J.) (noting that equitable estoppel may be available based on "words or conduct by a responsible official of the plan itself"); Ill. Conf. of Teamsters and Employers Welfare Fund v. Mrowicki, 44 F.3d 451, 462-63 (7th Cir. 1994) (assuming that equitable estoppel could be asserted based on statements by agent of a benefit trust). Based on this divergent authority, the Court finds that it would be more appropriate to determine the availability of this defense after the parties have had an opportunity to develop the factual record. See Or. Laborers-Employers Trust Funds, 726 F. Supp. at 788-89 (denying motion to strike equitable estoppel defense on the grounds that such a defense is available under Rolfson).

## IV.   CONCLUSION

In accordance with the foregoing, plaintiffs' motion to strike is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |