DAVID ADELSTEIN (SBN 105250)
dadelstein@BushGottlieb.com
DAVID AHDOOT (SBN 245133)
dahdoot@BushGottlieb.com
**BUSH GOTTLIEB**
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California  91203-3345
Telephone:  (818) 973-3200
Facsimile:   (818) 973-3201

Attorneys for Plaintiffs
DIRECTORS OF THE MOTION PICTURE
INDUSTRY PENSION PLAN AND
DIRECTORS OF THE MOTION PICTURE
INDUSTRY HEALTH PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>NU IMAGE, INC., a California corporation,<br><br>Defendant. | **CASE NO. CV 13-03224-CAS (CWx)**<br><br>**(1)  PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO PREVENT THE TESTIMONY OF TRIAL WITNESSES NOT DISCLOSED BY DEFENDANT**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**<br><br>[Fed. R. C. P. 37(c)(1)]<br><br>DATE:     November 17, 2014<br>TIME:      11:00 a.m.<br>CRTM:    5<br><br>**JUDGE:  Hon. Christina A. Snyder** |

/ / /

/ / /

/ / /

/ / /

502187.6  11011-19033

**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2014, at 11:00 a.m., or as soon thereafter may be heard by the Honorable Christina A. Snyder in the above-referenced court, located at Courtroom 5 on the 2nd Floor of the United States Courthouse at 312 North Spring Street, Los Angeles, CA 90012, plaintiffs Directors of the Motion Picture Industry Pension Plan and Directors of the Motion Picture Industry Health Plan ("Plaintiffs") will, and hereby do, move this Court *in limine* for an order preventing defendant NuImage, Inc. ("Defendant") from calling as witnesses at trial and from submitting any testimony or other evidence from the following five, new witnesses: Paul Herzberg, Brad Krevoy, Mark Damon, Steven Paul, and Pierre David (collectively, the "Third-Party Producers").

This Motion is made pursuant to Federal Rule of Civil Procedure 37(c)(1), on the grounds that Defendant failed on multiple occasions to provide notice that the Third-Party Producers would be called as witnesses as part of its initial or supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and (e)(1), or in responses to Plaintiffs' interrogatories, and in spite of Defendant's obligation to do so.

This Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Declaration of David Adelstein and accompanying exhibits, Plaintiffs' proposed order, the records and files of this Court, and upon any other evidence or argument presented at the hearing on this motion or of which the Court may take judicial notice.

/ / /
/ / /
/ / /
/ / /
/ / /

502187.6  11011-19033

1

**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 16, 2014.

DATED: October 20, 2014          BUSH GOTTLIEB, A Law Corporation


By: */s/ David Adelstein*
---
DAVID ADELSTEIN
DAVID E. AHDOOT

Attorneys for Plaintiffs DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN

502187.6 11011-19033

2

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 TO PREVENT THE TESTIMONY OF TRIAL WITNESSES NOT DISCLOSED BY DEFENDANT**

## I.  INTRODUCTION

It is undisputed that defendant Nu Image, Inc. ("Defendant" or "Nu Image") failed to disclose five, third-party trial witnesses before the discovery cut-off date two months ago. These five persons were not indentified in Defendant's initial disclosures of November 27, 2013, or in its supplemental disclosures of July 30, 2014. Defendant instead chose to reveal the names of these witnesses on the eve of trial, during a pre-trial phone call among counsel on October 16, 2014. (Adelstein Dec. ¶ 2.)

In attempting to rehabilitate this prejudicial conduct, Defendant no doubt will point to a deposition taken 30 days before the discovery cut-off deadline, in which the names of the five persons were revealed by a Nu Image executive. Under this "gotcha" version of the discovery rules, Nu Image claims that the Plaintiffs Directors of the Motion Picture Industry Pension Plan and Directors of the Motion Picture Industry Health Plan ("Plaintiffs") should have engaged in what easily could have been a wild goose chase, irrespective of Defendant's failure to identify them as *witnesses in support of its case* in either mandatory disclosures or interrogatory responses. This sort of interpretation contradicts the mandate of Federal Rule of Civil Procedure 26 ("Rule 26").

Witness disclosures are required under Rule 26 to ensure efficient completion of the discovery process, without having to use guesswork to determine which witnesses will be used in support of the opposing party's case. Defendant's recent decision to include five, third-party witnesses is a surprise to Plaintiffs and is unfairly prejudicial, because there is no longer the opportunity to depose them. That an earlier deponent revealed these persons' names does not absolve Defendant's

502187.6  11011-19033

1

**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

burden of identifying them in disclosures as *witnesses in support of its case and as to the subjects of their anticipated testimony*.  Furthermore, Defendant appears to have known about and withheld the names of witnesses since the filing of the original complaint – for long before the above deposition – and its belated decision to reveal them as witnesses cannot be substantially justified.  As such, the Court should grant Plaintiffs' motion to exclude these witnesses from trial.

## II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 9, 2013, the Court set a schedule for factual discovery cut-off of June 30, 2014.  (Minute Order, Dkt. No. 23.)  On April 30, 2014, the Court modified this schedule to extend the fact discovery cut- off to July 30, 2014. (Minute Order at 2, Dkt. No. 49.)

It is undisputed that Defendant failed to disclose the names, addresses, and contact information of the five third-party, independent motion-picture producers who it now seeks to call at trial in its disclosures or in response to Plaintiffs' interrogatories:  Paul Herzberg, Brad Krevoy, Mark Damon, Steven Paul, and Pierre David (collectively, the "Third-Party Producers").  These names do not appear in Defendant's initial disclosures of November 27, 2013, or in its supplemental disclosures of July 30, 2014.   It also cannot be disputed that Defendant failed to produce the names of the Third-Party Producers in response to the following interrogatory regarding contributions to the Motion Picture Industry Pension and Healthcare Plans ("Plans"), propounded by Plaintiffs:

**SPECIAL INTERROGATORY NO. 15:**

Please identify each and every independent producer who Nu Image believed, as of 2006, had made one or more motion pictures subject to one of the Union Agreements but had not made any gross receipts contributions to the Plans, and the identity of such motion picture(s) produced by each such independent producer.

502187.6  11011-19033

2

**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

(Adelstein Dec. ¶ 6, Ex. D, D.'s Response to Pl.'s Second Set of Rogs at p.12.)  In response, Defendant declined to identify any names of independent, third-party producers:

**RESPONSE TO INTERROGATORY NO. 15:**

> Nu Image objects to this Interrogatory on the grounds that it is compound and seeks to evade the limits of Federal Rule of Civil Procedure 33(a)(1).  Subject to and without waiving its specific and general objections, Nu Image responds as follows:  as of 2006, Nu Image believed that no independent producer who was a signatory to the Basic Agreement had made gross receipts contributions to the Plans.

(Adelstein Dec. ¶ 6, Ex. D, D.'s Response to Pl.'s Second Set of Rogs at p.12.)

On October 16, 2014, for the first time and over two months after the discovery cut-off, Defendant's counsel disclosed in a phone conversation with Plaintiffs' attorneys David Adelstein and David Ahdoot that it intended to call the Third-Party Producers as witnesses in support of its case.  On this call, Defendant stated that it intended to call the Third-Party Producers to testify regarding:  (1) the Third-Party Producers' practice of allocating minimum guarantees for their motion pictures, and that (2) third-party, independent producer Pierre David ("David") would testify that representatives of the labor union IATSE affirmatively advised David that he would not have to pay residuals to the Plans (*i.e.*, the same as Nu Image executive Avi Lerner alleges). Adelstein Dec. ¶ 2, p.2.

This came as a surprise to Plaintiffs, who first became aware of the *existence* of the Third-Party Producers on June 27, 2014.  On that date, Plaintiffs deposed Avi Lerner ("Lerner"), who is the Chairman and a shareholder of Defendant.  At approximately 1:30 p.m. on that day, Lerner revealed the names of the Third-Party Produces in a lengthy colloquy, the start of which is as follows (a complete version is attached as Exhibit A to the Adelstein Declaration):

502187.6  11011-19033

3

**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

```
Q:   Prior to April of 2006, had any independent producers told you
     that they had never paid residuals –
A:   Yes.
Q:   -- contributions to the Health and Pension Plans?
A:   Yes.
Q:   Which independent producers?
A:   Pierre David.  He said he never paid.  He's a major producer.  He
     makes a lot of movie.  Steven Paul.
Q:   How do you spell the last name?
A:   Paul, P - -
MS. FITZGERALD:  P-a-u-l.
THE WITNESS:  Brad Krevoy.
BY MR. ADELSTEIN:
Q:   How do you spell the last name?
A:   Krevoy, K-r-v-o-y.
MR. SHORT:  -e-v-o-y.
THE WITNESS:  -e-v-o-y.  You're asking me to spell names.  It's unfair. I
don't know how to spell my name.
Q:   Avi, you don't get graded on your spelling.  If you don't know, tell
     me.
A:   Okay.  I'm not sure . . . .
```

(Adelstein Dec. ¶ 3, Ex. A, Lerner Depo. 123-130.)

## III.  ARGUMENT

### A.  Defendant Failed to Comply with its Mandatory Obligation to Disclose the Five Third-Party Witnesses on Multiple Occasions

Rule 26 requires initial disclosures be made to identify:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed. R. Civ. P. 26(A)(1)(a)(i).  Absent provision of this information in initial disclosures, Rule 26 provides that any supplemental disclosures must occur, if "the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(a).  The key question before the Court thus is whether Lerner's deposition answers provided sufficient notice to Plaintiffs that the five Third-Party Producers had knowledge of the facts

502187.6 11011-19033

4

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

supporting Defendant's claims or defenses, <u>and the specific subjects that Defendant now seeks to have them testify to at trial</u>.   The answer to that question is unambiguously "no."

To begin, it cannot be disputed that Defendant failed to disclose the names, addresses, and contact information of the Third-Party Producers in its initial disclosures of November 27, 2013, or in its supplemental disclosures of July 30, 2014.  Adelstein Dec. ¶¶4&5, p.2 and Exs. B&C. Defendant also failed to produce the names, addresses, and contact information of the Third-Party Producers in response to Plaintiffs' interrogatory, which requested the names of third-party independent producers who were required to make contributions to the Plans, but had not.  Adelstein Dec. ¶6, p.3 and Ex. D.  Plaintiffs do not contest that, were Defendant to have properly identified the five witnesses on June 27, 2014, there was sufficient time (but barely) for them to notice and schedule five depositions of the Third-Party Producers in the 30 days remaining before the discovery cut-off. However, Plaintiffs strongly dispute that Lerner's convoluted answers constitute adequate notice.

During the phone conference among counsel on October 16, 2014, Defendant's counsel indicated that Nu Image proposed to call the five Third-Party Producers to testify on subjects which are unrelated to Lerner's deposition testimony.  In his deposition, Lerner testified that there were five independent producers who had made motion pictures subject to the Plans, but that these persons had (1) never paid residual contributions to the Plans; and (2) had never been audited or otherwise contacted by the Plans to collect residual contributions. (Adelstein Dec. ¶ 3, Ex. A, Lerner Depo. 123-130.)  Defendant now proposes to call the Third-Party Producers to testify to two entirely different subjects:  (1) the Third-Party Producers' practice of allocating minimum guarantees for their motion pictures, and (2) that third-party, independent producer David would testify that

**BUSH GOTTLIEB**
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

502187.6  11011-19033                                    5
**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

representatives of the labor union IATSE affirmatively advised David that he would not have to pay residuals to the Plans (*i.e.*, the same as Lerner alleges).

With respect to the first proposed subject of testimony – the allocation formulas by the Third-Party Producers – this obviously is only relevant if the Third-Party Producers had actually made "allocated" residual contributions to the Plans, which is the <u>opposite</u> of what Lerner disclosed about the Third-Party Producers during his deposition. Lerner stated the Third-Party Producers never made residual payments to the Plans. Therefore, there would be no *allocation* to explore in discovery that divided residual payments by percentages into separate categories, and no reason Plaintiffs should have deposed these persons on this subject. Plaintiffs' understanding was that Lerner's deposition testimony indicated that the five Third-Party Producers were irrelevant to the instant lawsuit, which is concerned with the allocation formulas used to determine *existing* residual payments to the Plans.

Lerner's testimony also makes no mention that any of the Third-Party Producers could describe conversations with alleged representatives of IATSE or the Plans, including any conversations by independent producer David. Rule 26 requires disclosure of the subject of a person's knowledge. Lerner's deposition testimony did not mention either of the two subjects about which Nu Image now seeks to offer the Third-Party Producers' testimony.

In short, Defendant hid or failed to disclose the very subjects on which these witnesses would be called to testify by Defendant. In his deposition, Lerner mentioned the Third-Party Producers in an innocuous manner, in a way that did not reveal the true relevance of these individuals to the instant case. Under Rule 26, Plaintiffs are not required to engage in detective work to determine trial witnesses, and this issue should have been resolved simply through Defendant's disclosures. Defendant should have revealed long before October 16, 2014, the five names,

addresses, and telephone numbers of the Third-Party Producers, along with any subjects of testimony by them that Defendant "may use to support its claims or defenses." Fed. R. Civ. P. 26(A)(1)(a)(i). Defendant chose not to do this. It was only during the phone call on October 16 that Defendant for the first time disclosed that the Third-Party Producers would be called as witnesses and the subjects of their testimony.

Therefore, it cannot be reasonably disputed that Defendant failed to comply with the notice requirements of Rule 26 by failing to identify the Third-Party Producers as witnesses or to provide their contact information, by failing to identify the subjects on which they would testify, and by failing to otherwise disclose this information in discovery.

### B. Defendant Cannot Meet its Burden to Show that its Long-standing Failure to Identify the Five Third-Party Producers has not Prejudiced Plaintiffs or is Otherwise Substantially Justified

Under Federal Rule of Civil Procedure 37 ("Rule 37"), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (also noting a district court's "inherent powers" and "broad discretion" to make evidentiary rulings to enable a fair and orderly trial, including to exclude prejudicial witness testimony). The party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245-46 (9th Cir. 2012). Exclusion is "automatic," unless the non-disclosing party can show its failure was substantially justified or harmless. *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817, 827 (9th Cir. 2011)

502187.6  11011-19033

7

**PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 1 and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**

(quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).  As described below, Defendant cannot meet this burden.

On October 16, 2014, counsel for Defendant notified Plaintiffs' counsel that the five Third-Party Producers would be called to testify with respect to two subjects which had never before been disclosed:  (1) the Third-Party Producers' practice of allocating minimum guarantees for their motion pictures, and (2) that third-party, independent producer David would testify that representatives of the labor union IATSE affirmatively advised David that he would not have to pay residuals to the Plans.  The prejudice to Plaintiffs from this last-minute disclosure of witnesses is not subject to reasonable dispute.  Where a discovery deadline has passed and disclosure occurs after this deadline, as it did here, courts regularly find that the non-disclosing party has been prejudiced.  *See, e.g.*, *Hill v. U.S. Dep't of Homeland Sec.*, 570 F. Appx. 667, 669 (2014 WL 1509225) (9th Cir. 2014); *Paramount Pictures Corp. v. International Media Films Inc.*, CV 11-09112 SJO AJWX (2013 WL 3215189) at *8-9 (C.D. Cal. June 12, 2013); *United States v. Booth*, CV 09-1689 AWI GSA (2013 WL 3541615) at *11 (E.D. Cal. 2013).

In addition, Defendant's conduct cannot be substantially justified, because the Third Party Witnesses' designation as witnesses should have been reasonably anticipated by Defendant.  *See Paramount Pictures Corp.*, 2013 WL 3215189 at *9 (citing *Wong v. Regents of Univ. of Cal.,* 410 F.3d 1052, 1061 (9th Cir. 2004)).  In contrast, until October 16, Plaintiffs did not have "full notice . . . of the existence of the witness[es] and fully understood the important role [they] had in relation to the facts of the case."  *Booth*, 2013 WL 3541615 at *11.

As a consequence, plaintiffs were "deprived of any meaningful opportunity to follow up on" or "incorporate [] into [Plaintiffs'] litigation strategy" information that was "tendered . . . only as the discovery period was drawing to a close, or after it had already closed."  *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) (in

the case of a violation of a court order, noting that prejudice favored dismissal). Importantly, this prejudice cannot be cured by a phone call to counsel on October 16, 2014. *See id.* (citing *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)) (citations omitted) ("Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts.").

Defendant failed or refused on three different occasions to divulge the names and testimony subjects of the five, Third-Party Producers as part of required disclosures under Rule 26 and in response to an interrogatory request. It then failed to attempt to cure this defect until two months after the deadline for discovery had passed. Because Plaintiffs are prejudiced by Defendant's conduct and there is no substantial justification for such conduct, this Court should exclude the Third-Party Producers from testifying at trial pursuant to Rule 37.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion *in Limine* No. 1 and order that that the following individuals shall be excluded from testifying at trial and from otherwise presenting testimony and evidence: Paul Herzberg, Brad Krevoy, Mark Damon, Steven Paul, and Pierre David.

DATED: October 20, 2014           BUSH GOTTLIEB, A Law Corporation

By: */s/ David Adelstein*
    DAVID ADELSTEIN
    DAVID E. AHDOOT

Attorneys for Plaintiffs

DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN