1  DAVID ADELSTEIN (SBN 105250)
   dadelstein@BushGottlieb.com
2  DAVID AHDOOT (SBN 245133)
   dahdoot@BushGottlieb.com
3  **BUSH GOTTLIEB**
   A Law Corporation
4  500 North Central Avenue, Suite 800
   Glendale, California  91203-3345
5  Telephone:  (818) 973-3200
   Facsimile:   (818) 973-3201
6
   Attorneys for Plaintiffs
7  DIRECTORS OF THE MOTION PICTURE
   INDUSTRY PENSION PLAN AND
8  DIRECTORS OF THE MOTION PICTURE
   INDUSTRY HEALTH PLAN
9
10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

| | |
|---|---|
| DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>           Plaintiffs,<br><br>      vs.<br><br>NU IMAGE, INC., a California corporation,<br><br>           Defendant. | **CASE NO. CV 13-03224-CAS (CWx)**<br><br>**DECLARATION OF DAVID ADELSTEIN IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 1  TO PREVENT THE TESTIMONY OF TRIAL WITNESSES NOT DISCLOSED BY DEFENDANT**<br><br>**[Fed. R. C. P. 37(c)(1)]**<br><br>DATE:        November 17, 2014<br>TIME:        11:00 a.m.<br>CRTM:        5<br><br>**JUDGE:  Hon. Christina A. Snyder** |

22  I, David Adelstein, declare and state as follows:

23      1.    I am an attorney licensed to practice law in the Courts of the State of

24  California, and before this Court, since 1982.  For more than twenty years, I have

25  been a shareholder in the law firm of Bush Gottlieb ("Bush Gottlieb"), A Law

26  Corporation, counsel for Plaintiffs Directors of the Motion Picture Industry Pension

27  and Health Plans ("Plaintiffs").  I submit this Declaration in Support of Plaintiffs'

28

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1   Motion *in Limine* No. 1 ("Motion") to prevent defendant Nu Image, Inc.

2   ("Defendant") from calling as witnesses and from submitting any testimony or other

3   evidence from the following five witnesses:  Paul Herzberg, Brad Krevoy, Mark

4   Damon, Steven Paul, and Pierre David ("Third-Party Producers").   Except as

5   otherwise indicated herein, all facts as set forth in this declaration are based upon

6   my personal knowledge.  If I were called to testify, I would and could testify

7   competently to the facts set forth in this declaration.

8         2.     On October 16, 2014, I participated in a conference call among counsel

9   for Plaintiffs and counsel for Defendant, pursuant to Local Rule 16 of the United

10  States District Court, Central District of California.  Present on the conference call

11  on behalf of Plaintiffs were Bush Gottlieb shareholder David Ahdoot ("Ahdoot")

12  and I, and present on behalf of Defendant was Nicole Diller ("Diller").  On this

13  phone call, Diller notified Ahdoot and me for the first time that Defendant intended

14  to call the Third-Party Producers as witnesses at trial, and that the subject of their

15  testimony would be:  (1) the Third-Party Producers' practice of allocating minimum

16  guarantees as to their motion pictures, and that (2) third-party producer Pierre David

17  would testify that  representatives of the labor union IATSE advised him that he did

18  not have to pay residuals to the Plans.

19        3.     In support of this Motion, attached hereto as Exhibit "A" are true and

20  correct excerpts from the transcript ("Lerner Depo Transcript") of the deposition of

21  Avi Lerner ("Lerner").  I did not receive notice that Lerner made any substantive

22  changes to the Lerner Depo Transcript.

23        4.     In support of this Motion, attached hereto as Exhibit "B" is a true and

24  correct copy of Defendant's initial disclosures, pursuant to Federal Rule of Civil

25  Procedure 26 ("Rule 26").

26        5.     In support of this Motion, attached hereto as Exhibit "C" is a true and

27  correct copy of Defendant's supplemental disclosures pursuant to Rule 26.

28  502282.2  11011-19033

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

2

**DECLARATION OF DAVID ADELSTEIN IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 1  TO PREVENT THE TESTIMONY OF TRIAL WITNESSES NOT DISCLOSED BY DEFENDANT**

6.      In support of this Motion, attached hereto as Exhibit "D" is a true and correct copy of excerpts of Defendant's responses to Plaintiffs' Second Set of Interrogatories.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Signed this 20th day of October, 2014, in Glendale, California.


                                                        /s/ David Adelstein
                                                        David Adelstein, Declarant

**DECLARATION OF DAVID ADELSTEIN IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 1  TO PREVENT THE TESTIMONY OF TRIAL WITNESSES NOT DISCLOSED BY DEFENDANT**

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

# EXHIBIT A

```
 1              UNITED STATES DISTRICT COURT

 2      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

 3

 4   DIRECTORS OF THE MOTION PICTURE    )
     INDUSTRY PENSION PLAN AND DIRECTORS )
 5   OF THE MOTION PICTURE INDUSTRY     )
     HEALTH PLAN,                       )
 6                                      )
                   Plaintiffs,          )
 7                                      )
          v.                            )   NO. CV-13-03224-CAS
 8                                      )       (CWx)
     NU IMAGE, INC., a California       )
 9   corporation,                       )
                                        )
10                 Defendant.           )
                                        )
11

12

13

14      Video deposition of AVI LERNER, taken on behalf

15   of Plaintiffs, at 500 North Central Avenue,

16   Suite 800, Glendale, California, commencing at

17   9:15 A.M., on Friday, June 27, 2014, before

18   LORI E. GROSS, CSR NO. 10528, RPR, a Certified

19   Shorthand Reporter in and for the State of

20   California.

21

22

23

24

25

                                                          2
```

CARROLL SELLS

**Exhibit A, Page 4**

22:11   1   between the studios and the unions?

2       A    I don't care how it's shared.  I didn't ask him

3   those kind of question.

4       Q    Do you know whether any of the trustees or

22:19   5   directors of the Health Plan and Pension Plan that

6   provides I.A.T.S.E. benefits -- whether any of those

7   trustees or directors are appointed by the studios?

8       A    No.  But I met them once, I think, when meeting

9   here in this office or somewhere in this -- I met some

22:38   10   of them when they came, trying to do a settlement, I

11   think, on the IATSE or something like this or maybe with

12   you.  I don't remember.

13       Q    Who were they?  Do you remember their names?

14       A    No.

22:50   15       Q    Have you ever heard the name Nick Counter?

16       A    No.

17       Q    Mr. Counter was president of the A.M.P.T.P. for

18   many years.  Never heard of that name?

19       A    Nick?

23:06   20       Q    Nick, Nicholas Counter.

21       A    Never heard about this man.

22       Q    Okay.  As of April, 2006, had you spoken with

23   any other independent producers of motion pictures about

24   what their experience was with respect to paying

23:38   25   residual contributions to the Plans?

        122

Exhibit A, Page 5

1:23:41  1      A      Lately I've been speaking to them, with a lot
2      of them.
3      Q      What about prior to April of 2006?  Had you had
4      any conversations?
1:23:48  5      A      We talked about -- look, I was a member -- I'm
6      a member of -- I was a vice chairman of IFTA,
7      Independent Film and TV, whatever it is.  I'm a board
8      member for nearly 20 years, and I meet those producer on
9      a regular -- a once-a-month meeting and talking about
1:24:08  10     all kind of problem within this.
11             And we talked among this, about the problem
12     of -- in general of making movie and specific of
13     residual of all the union, that everyone wants its piece
14     of residual, and we talked about it quite a lot.  How
1:24:29  15     can -- because -- again, I don't want to go into detail,
16     but there's major problem how to pay, and that's what we
17     are talking about.
18     Q      Prior to April of 2006, had any independent
19     producers told you that they had never paid residuals --
1:24:46  20     A      Yes.
21     Q      -- contributions to the Health and Pension
22     Plans?
23     A      Yes.
24     Q      Which independent producers?
1:24:53  25     A      Pierre David.  He said he never paid.  He's a

123

CARROLL SELLS

Exhibit A, Page 6

```
:24:56   1    major producer.  He makes a lot of movie.

         2            Steven Paul.

         3        Q    How do you spell the last name?

         4        A    Paul, P- --

:25:04   5    MS. FITZGERALD:  P-a-u-l.

         6    THE WITNESS:  Brad Krevoy.

         7    BY MR. ADELSTEIN:

         8        Q    How do you spell the last name?

         9        A    Krevoy, K-r-v-o-y.

1:25:17  10   MR. SHORT:  -e-v-o-y.

         11   THE WITNESS:  -e-v-o-y.  You're asking me to spell

         12   names.  It's unfair.  I don't know how to spell my name.

         13   BY MR. ADELSTEIN:

         14       Q    Avi, you don't get graded on your spelling.  If

1:25:27  15   you don't know, tell me.

         16       A    Okay.  I'm not sure.

         17       Q    Keep going.

         18       A    Paul Hertzberg.  And I don't know how to spell

         19   Hertzberg.

1:25:44  20       Q    Anybody else?

         21       A    I'm sure there's plenty.  Right now -- Richard

         22   Salvatore.  He's a producer.

         23            Elie Samaha.

         24            I have to think more.  Right now I don't

1:26:24  25   remember more.

                                                              124
```

CARROLL SELLS

| | | |
|---|---|---|
| :26 | 1 | Q    As it comes to you. |
| | 2 | A    As it comes to me. |
| | 3 | Q    So Peter David, which -- |
| | 4 | A    Pierre David. |
| :33 | 5 | Q    Pierre David, which independent producer did -- |
| | 6 | was he affiliated with? |
| | 7 | A    He had a company called Image Projection, and |
| | 8 | then he had a company called -- I cannot remember all |
| | 9 | the names he had, but he's a prominent producer.  He |
| :51 | 10 | makes a lot of movie. |
| | 11 | Q    What motion pictures has he made prior to |
| | 12 | 2000 -- April of 2006? |
| | 13 | A    I don't remember the names.  I don't |
| | 14 | remember -- |
| 7:10 | 15 | Q    But he was producing pictures prior to April of |
| | 16 | 2006? |
| | 17 | A    (No audible response.) |
| | 18 | Q    And -- is that a "Yes"? |
| | 19 | A    Yes. |
| 7:17 | 20 | Q    And what did he tell you about his experience |
| | 21 | with having to pay residual contributions to the Plans? |
| | 22 | A    We went to a meeting with him and some other |
| | 23 | producer in order to try to settle SAG and Writer Guild |
| | 24 | and D.G.A., to find a way to pay them residual because |
| 7:48 | 25 | we acknowledged the things. |

125

CARROLL SELLS

27:51  1        And I asked him "Does any other union ask us

2  for residual?"

3        He said "No, there's not."

4        I asked him "The musician, they want any -- the

28 04  5  Musician Guild want any residual?"

6        He said "No."

7        "The truck driver or the drivers, they want

8  residual?"

9        He said "No."

28:17  10        "Does IATSE want any residual?  I.A.," as I

11  call them, "do they want a residual?"

12        He said "No."

13        "Does the Producer Guild want any residual?"

14        He said "No."

28:31  15        So basically only three -- we knew there's only

16  three guild, those three -- the SAG, D.G.A., and Writer

17  Guild.  That's the only people that was asking us to pay

18  a residual.

19  Q    Other than Pierre David, who else was present

28:51  20  during that conversation?

21  A    Paul Hertzberg was present, Brad Krevoy.  Those

22  people are prominent producer.  I can give you a list of

23  about a hundred other producer.  I'll have to call IFTA.

24  If you want, I will send it to you.  It's my pleasure.

29:11  25  Q    So was Brad Krevoy present during this

             126

CARROLL SELLS

9:11   1   conversation you had with Pierre David?

2       A    On some of them definitely, yeah.

3       Q    Was Brad Krevoy present during the

4   conversation?

9:19   5       A    Yes.

6       Q    Did he -- what did he say about whether

7   producers that he'd been affiliated with had had to pay

8   residual contributions to the I.A.T.S.E. affiliated

9   Health and Pension Plans?

9:36   10       MS. DILLER:  Vague and ambiguous.

11       THE WITNESS:  Brad is a good example because he was

12   making also a movie with a studio, like "Dumb & Dumber."

13   It was New Line, and he said "They'll have to pay

14   residual, New Line."  But when he used to do independent

9:56   15   producing which he did a lot, nobody ask him.  Nobody

16   wanted him to pay residual.

17   BY MR. ADELSTEIN:

18       Q    Which pictures were those?

19       A    I don't know.

0:07   20       MS. DILLER:  Calls for speculation.

21   BY MR. ADELSTEIN:

22       Q    What did Paul Hertzberg tell you about his

23   experience of the -- having to pay residual

24   contributions to the Pension and Health Plans affiliated

0:23   25   with the I.A.T.S.E.?

                                              127

CARROLL SELLS

**Exhibit A, Page 10**

1       A     The same answer for Paul Hertzberg.  He said

2    they never approach him.  He never been asked to pay a

3    residual.  They don't need his residual, and he never

4    paid any residual.

5       Q     What production companies had he been

6    affiliated with?

7       A     I think the name of his company is CineTel.

8       Q     Any others that come to mind?  Any other

9    production companies he was affiliated with?

10      A     Any other names?  Ehud Bleiberg.  He makes a

11   lot of movie.

12      Q     Bleiberg?

13      A     Bleiberg.

14      Q     Any other production companies that Paul

15   Hertzberg was affiliated with other than CineTel?

16      A     No.

17      MS. DILLER:  Calls for speculation.

18   BY MR. ADELSTEIN:

19      Q     And any -- what pictures did Paul Hertzberg

20   make when affiliated with CineTel?  Do you remember the

21   names of any of the titles?

22      A     (No audible response.)

23      Q     No?

24      A     No.

25      Q     What was your conversation with Steven Paul

                                                        128

CARROLL SELLS

**Exhibit A, Page 11**



31:28   1   about what his experience was having to -- when working

2   with producers having to pay residual contributions to

3   the Health and Pension Plan affiliated with the

4   I.A.T.S.E.?

31:38   5       A    Again --

6       Q    Same thing?

7       A    -- I ask him "Do you have to pay residual for

8   any other union, including I.A. or IATSE?"

9           He said "No."  They never called him.  They

31:52   10  never send him a letter.  They never request, and he

11  never paid them.

12      Q    And which production entities was he affiliated

13  with?

14      MS. DILLER:  Calls for speculation.

32:02   15      THE WITNESS:  Crystal.

16  BY MR. ADELSTEIN:

17      Q    Crystal?

18      A    Yeah, I think it's Crystal.

19      Q    Any others?  Any other production companies

32:09   20  that he was affiliated with?

21      A    No.  It's one company.  I mean, it's Crystal.

22      Q    What motion pictures did he make when

23  affiliated with Crystal?

24      A    Jesus, I don't remember.  He made many movie.

32:22   25      Q    Were all these conversations with Pierre David,

129

CARROLL SELLS

1    Steven Paul, Brad Krovey --

2        A    Brad Krevoy.

3        Q    -- Brad Krevoy and Paul Hertzberg, was that --

4    all these conversations in conjunction with that

5    independent producer organization that you said were

6    meeting to try to figure out how to address the guilds?

7        A    How to address the other three guilds --

8        Q    Correct.

9        A    -- other than IATSE because there was no

10   problem with IATSE.

11       Q    So were all those conversations as part of

12   those conversations that you had as -- with the

13   independent producers group?

14       A    Yeah.

15       Q    Was there a name for the independent producers

16   group?

17       A    Independent producer -- something producer.   I

18   don't remember the name.

19       Q    Did you end up, as part of that, ever having

20   conversations with one of my partners, Joe Kohanski?

21       A    Yeah.

22       Q    Was that the organization we're talking about?

23       A    Correct.  We were trying to find a way to avoid

24   what they call fair and -- fair and -- the allocation,

25   the whole idea of allocation, to find a system because

                                                    130

CARROLL SELLS

REPORTER'S CERTIFICATE

1

2

3        I, LORI E. GROSS, CSR NO. 10528, RPR, a Certified

4   Shorthand Reporter in and for the State of California,

5   do hereby certify;

6        That, prior to being examined, the witness named

7   in the foregoing deposition was by me duly administered

8   the oath to testify to the truth, the whole truth, and

9   nothing but the truth;

10       That said deposition was taken by me in

11  stenographic shorthand at the time and place herein

12  named and was thereafter transcribed into printed format

13  under my direction, said transcript being a true and

14  correct transcription to the best of my ability;

15       That review of the transcript was requested.

16       I further certify that I have no interest in the

17  outcome of this action.

18

19  Dated this 1st day of July, 2014.

20

21

22

23  LORI E. GROSS
    CSR NO. 10528, RPR

24

25
                                                    171

CARROLL SELLS

**Exhibit A, Page 14**

# EXHIBIT B

1   BARBARA A. FITZGERALD (SBN 151038)
    MORGAN, LEWIS & BOCKIUS LLP
2   300 South Grand Avenue
    Twenty-Second Floor
3   Los Angeles, CA  90071-3132
    Tel:  (213) 612-2500
4   Fax:  (213) 612-2501

5   NICOLE A. DILLER (SBN 154842)
    ROBERTA H. VESPREMI (SBN 225067)
6   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
7   San Francisco, California 94105-1126
    Tel: (415) 442-1000
8   Fax: (415) 442-1001

9   Attorneys for Defendant Nu Image, Inc.

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13   DIRECTORS OF THE MOTION            Case No. CV 13-3224-CAS (CWx)
     PICTURE INDUSTRY PENSION
14   PLAN AND DIRECTORS OF THE          **DEFENDANT NU IMAGE, INC.'S
     MOTION PICTURE INDUSTRY            RULE 26(a)(1) INITIAL
15   HEALTH PLAN,                       DISCLOSURES**

16                     Plaintiffs,

17          vs.

18   NU IMAGE, INC., a California
19   corporation,

20                     Defendant.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 67546620.1

DEFENDANT'S INITIAL DISCLOSURES

**Exhibit B, Page 15**

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"),

2  Defendant Nu Image, Inc., by and through its undersigned attorneys, makes the

3  following initial disclosures.

4    These initial disclosures have been prepared prior to the completion of Nu

5  Image's full and complete investigation of the allegations asserted in the

6  Complaint, and are based solely on the information, facts, and documents currently

7  available and known to Nu Image.  Accordingly, Nu Image reserves its right under

8  FRCP 26(e) to supplement or otherwise make changes to the disclosures if it

9  appears that omissions or errors have been made in them, or that additional

10  investigation or discovery reveals new facts or provides new significance to known

11  information not presently deemed responsive.  Finally, Nu Image's initial

12  disclosures are for the purpose of discovery only, and are not an admission or

13  acceptance that any disclosure, fact, or document is relevant or admissible into

14  evidence.

15  **I.    Individuals Likely to Have Discoverable Information (FRCP**

16  **26(a)(1)(A)(i)).**

17    Nu Image has identified to date the following fact witnesses who may have

18  discoverable information that Nu Image may use to support its defenses in this

19  action:

20      1.  The Directors of the Motion Picture Industry Pension Plan and the

21          Directors of the Motion Picture Industry Health Plan (the "Plans")

22          (including members of the respective Plans' audit committees);

23      2.  Chuck Gordon, Manager, Audit & Collections Department of the

24          Plans;

25      3.  Person most knowledgeable at Nigro, Karlin, Segal & Feldstein,

26          auditors of the Plans;

27      4.  Matthew Loeb, Union Trustee of the Plans; and

28      5.  Thomas Short, Union Trustee of the Plans.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    DEFENDANT'S INITIAL DISCLOSURES

**Exhibit B, Page 16**

The above-identified individuals are persons with knowledge of the policies and procedures surrounding the collection of contributions to the Plans; the policies and procedures regarding the Plans' signatory employer audit process; the applicable rules and guidelines surrounding the identification, collection, and allocation of residual and payroll contribution payments under the applicable collective bargaining agreements; the statements made by Messrs. Loeb and Short during bargaining negotiations and their intent in making such statements; and/or other information relevant to Nu Image's defenses in this action.

1. Avi Lerner
2. Trevor Short
3. Christine Forgo
4. Dimiter Nikolov

The above-identified individuals are persons employed by or affiliated with Nu Image who have knowledge of the accounting practices and policies surrounding Nu Image's policies, procedures, and practices regarding the allocation of residual payments; the documents and financial information provided to plaintiffs during the Plans' on-going audit activities; the applicable rules and guidelines surrounding the identification, collection, and allocation of residual payments and the identification and collection of payroll contribution payments under the applicable collective bargaining agreements; the statements made by Messrs. Loeb and Short in bargaining negotiations and Nu Image's representatives' understanding of, and reliance on, such statements; and/or other information relevant to Nu Image's defenses in this action.

These witnesses may be contacted through Nu Image's undersigned counsel. Nu Image anticipates that discovery in this action will reveal the identity of additional individuals who may possess discoverable information concerning these and other issues relevant to Nu Image's defenses, and it will supplement these disclosures to the extent required under Rule 26.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S INITIAL DISCLOSURES

**Exhibit B, Page 17**

**II.     Description of Documents, Electronically Stored Information, and Tangible Things That Nu Image May Use to Support Its Defenses (FRCP 26(a)(1)(A)(ii)).**

Nu Image possesses the following categories of documents that it may use to support its defenses.  Copies of these documents are maintained by or otherwise accessible to Nu Image.  Nu Image reserves the right to supplement and amend these responses as additional investigation and discovery reveals new facts or provides new significance to known information not presently deemed responsive:

1. Correspondence with the Plans' auditors, including responses to specific inquiries regarding individual projects;
2. Audit reports (including any revised audit reports) pertaining to the individual projects and contributions allegedly owed to the Plans by Nu Image;
3. Distribution contracts for individual projects;
4. Gross receipts and gross receipt allocations for individual projects;
5. Summary report of cash receipts for individual projects;
6. Relevant collective bargaining agreements; and
7. Correspondence between the Plans, the Plans' Union Trustees, and Nu Image.

Nu Image will make these documents available for inspection and copying in response to a request for production or as discovery progresses.  In addition, Nu Image reserves the right to supplement this list as its investigation into the facts of this case continues.

**III.    Damages Claimed (FRCP 26(a)(1)(A)(iii)).**

Nu Image is not currently asserting a claim for damages in this case that would necessitate disclosure of a damages calculation and supporting evidence.  Nu Image reserves the right to do so as well as to seek attorneys' fees and costs associated with this litigation under ERISA § 502(g).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                     DEFENDANT'S INITIAL DISCLOSURES

**Exhibit B, Page 18**

**IV.    Insurance Agreements (FRCP 26(a)(1)(A)(iv)).**

Nu Image currently is not aware of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse any payments made to satisfy judgment.

Dated:   November 27, 2013            MORGAN, LEWIS & BOCKIUS LLP


By:    /s/ Nicole A. Diller
        Nicole A. Diller
        MORGAN, LEWIS & BOCKIUS LLP
        One Market, Spear Street Tower
        San Francisco, California 94105-1126
        Tel: (415) 442-1000
        Fax: (415) 442-1001

        *Attorneys for Defendant Nu Image, Inc.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4        DEFENDANT'S INITIAL DISCLOSURES

**Exhibit B, Page 19**

# EXHIBIT C

1  BARBARA A. FITZGERALD (SBN 151038)
   MORGAN, LEWIS & BOCKIUS LLP
2  300 South Grand Avenue
   Twenty-Second Floor
3  Los Angeles, CA  90071-3132
   Tel:  (213) 612-2500
4  Fax:  (213) 612-2501

5  NICOLE A. DILLER (SBN 154842)
   ROBERTA H. VESPREMI (SBN 225067)
6  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
7  San Francisco, California 94105-1126
   Tel: (415) 442-1000
8  Fax: (415) 442-1001

9  Attorneys for Defendant Nu Image, Inc.

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  DIRECTORS OF THE MOTION            Case No. CV 13-3224-CAS (CWx)
    PICTURE INDUSTRY PENSION
14  PLAN AND DIRECTORS OF THE          **DEFENDANT NU IMAGE, INC.'S**
    MOTION PICTURE INDUSTRY            **SUPPLEMENTAL RULE 26(a)(1)**
15  HEALTH PLAN,                       **INITIAL DISCLOSURES**

16                     Plaintiffs,

17         vs.

18  NU IMAGE, INC., a California
19  corporation,

20                     Defendant.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                                       DEFENDANT'S SUPPLEMENTAL
                                         INITIAL DISCLOSURES

**Exhibit C, Page 20**

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"),

2    Defendant Nu Image, Inc. ("Nu Image"), by and through its undersigned attorneys,

3    supplement their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules

4    of Civil Procedure.

5    Nu Image's Supplemental Initial Disclosures are made without waiver of, or

6    prejudice to, any objections Nu Image may have previously asserted.  Nu Image's

7    Supplemental Initial Disclosures are based solely on the information, facts, and

8    documents currently available and known to Nu Image.  Accordingly, Nu Image

9    reserves its right under FRCP 26(e) to further supplement or otherwise make

10    changes to its Supplemental Initial Disclosures if it appears that omissions or errors

11    have been made in them, or that additional investigation or discovery reveals new

12    facts or provides new significance to known information not presently deemed

13    responsive.  Finally, Nu Image's Supplemental Initial Disclosures are for the

14    purpose of discovery only, and are not an admission or acceptance that any

15    disclosure, fact, or document is relevant or admissible into evidence.

16    **I.    Individuals Likely to Have Discoverable Information (FRCP**
17    **26(a)(1)(A)(i)).**

18    Nu Image has identified to date the following fact witnesses who may have

19    discoverable information that Nu Image may use to support its defenses in this

20    action:

21    1.  The Directors of the Motion Picture Industry Pension Plan and the

22    Directors of the Motion Picture Industry Health Plan (the "Plans")

23    (including members of the respective Plans' audit committees);

24    2.  Chuck Gordon, Manager, Audit & Collections Department of the

25    Plans;

26    3.  Person most knowledgeable at Nigro, Karlin, Segal & Feldstein,

27    auditors of the Plans;

28    4.  Matthew Loeb, Union Trustee of the Plans; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S SUPPLEMENTAL
INITIAL DISCLOSURES

**Exhibit C, Page 21**

5.  Thomas Short, Union Trustee of the Plans.

The above-identified individuals are persons with knowledge of the policies and procedures surrounding the collection of contributions to the Plans; the policies and procedures regarding the Plans' signatory employer audit process; the applicable rules and guidelines surrounding the identification, collection, and allocation of residual and payroll contribution payments under the applicable collective bargaining agreements; the statements made by Messrs. Loeb and Short during bargaining negotiations and their intent in making such statements; and/or other information relevant to Nu Image's defenses in this action.

1.  Avi Lerner

2.  Trevor Short

3.  Christine Forgo

4.  Dimiter Nikolov

The above-identified individuals are persons employed by or affiliated with Nu Image who have knowledge of the accounting practices and policies surrounding Nu Image's policies, procedures, and practices regarding the allocation of residual payments; the documents and financial information provided to plaintiffs during the Plans' on-going audit activities; the applicable rules and guidelines surrounding the identification, collection, and allocation of residual payments and the identification and collection of payroll contribution payments under the applicable collective bargaining agreements; the statements made by Messrs. Loeb and Short in bargaining negotiations and Nu Image's representatives' understanding of, and reliance on, such statements; and/or other information relevant to Nu Image's defenses in this action.

These witnesses may be contacted through Nu Image's undersigned counsel. Nu Image anticipates that discovery in this action will reveal the identity of additional individuals who may possess discoverable information concerning these

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S SUPPLEMENTAL
INITIAL DISCLOSURES

**Exhibit C, Page 22**

and other issues relevant to Nu Image's defenses, and it will supplement these disclosures to the extent required under Rule 26.

**I.     SUPPLEMENT: Individuals Likely to Have Discoverable Information (FRCP 26(a)(1)(A)(i)).**

Nu Image has identified to date the additional following fact witnesses who may have discoverable information that Nu Image may use to support its defenses in this action:

1. Current and former Directors of the Motion Picture Industry Pension Plan and the Directors of the Motion Picture Industry Health Plan (the "Plans") (including members of the respective Plans' audit committees); and

2. Kyle Uemura and other persons knowledgeable about the audit of Nu Image conducted by Nigro, Karlin, Segal & Feldstein on behalf of the Plans.

The above-identified individuals are persons with knowledge of the policies and procedures surrounding the collection of contributions to the Plans; the policies and procedures regarding the Plans' signatory employer audit process; the applicable rules and guidelines surrounding the identification, collection, and allocation of residual and payroll contribution payments under the applicable collective bargaining agreements; the statements made by Messrs. Loeb and Short during bargaining negotiations and their intent in making such statements; and/or other information relevant to Nu Image's defenses in this action.

**II.    Description of Documents, Electronically Stored Information, and Tangible Things That Nu Image May Use to Support Its Defenses (FRCP 26(a)(1)(A)(ii)).**

Nu Image possesses the following categories of documents that it may use to support its defenses.  Copies of these documents are maintained by or otherwise accessible to Nu Image.  Nu Image reserves the right to supplement and amend

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S SUPPLEMENTAL
INITIAL DISCLOSURES

**Exhibit C, Page 23**

these responses as additional investigation and discovery reveals new facts or provides new significance to known information not presently deemed responsive:

1. Correspondence with the Plans' auditors, including responses to specific inquiries regarding individual projects;

2. Audit reports (including any revised audit reports) pertaining to the individual projects and contributions allegedly owed to the Plans by Nu Image;

3. Distribution contracts for individual projects;

4. Gross receipts and gross receipt allocations for individual projects;

5. Summary report of cash receipts for individual projects;

6. Relevant collective bargaining agreements; and

7. Correspondence between the Plans, the Plans' Union Trustees, and Nu Image.

Nu Image will make these documents available for inspection and copying in response to a request for production or as discovery progresses. In addition, Nu Image reserves the right to supplement this list as its investigation into the facts of this case continues.

**II.     SUPPLEMENT: Description of Documents, Electronically Stored Information, and Tangible Things That Nu Image May Use to Support Its Defenses (FRCP 26(a)(1)(A)(ii)).**

Nu Image possesses the following additional categories of documents that it may use to support its defenses. Copies of these documents are maintained by or otherwise accessible to Nu Image. Nu Image reserves the right to supplement and amend these responses as additional investigation and discovery reveals new facts or provides new significance to known information not presently deemed responsive:

1. Documents related to proration percentage calculations for the films at issue in the litigation;

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S SUPPLEMENTAL
INITIAL DISCLOSURES

**Exhibit C, Page 24**

2.  Correspondence to or from Matthew Loeb concerning Nu Image;

3.  Thomas C. Short's expenses submitted to IATSE for reimbursement;

4.  Side Letters to 2004-07 and 2007-09 Low Budget Theatrical Agreements between IATSE and Nu Image, Inc. and successor agreement side letters;

5.  Local 700 Majors Agreement between IATSE and Nu Image, Inc.; and

6.  Attachment to May 16, 2009 to May 15, 2012 Feature and Television Production Contract with the Major Producers.

In addition, Nu Image reserves the right to supplement this list as its investigation into the facts of this case continues.

**III.    Damages Claimed (FRCP 26(a)(1)(A)(iii)).**

Nu Image is not currently asserting a claim for damages in this case that would necessitate disclosure of a damages calculation and supporting evidence. Nu Image reserves the right to do so as well as to seek attorneys' fees and costs associated with this litigation under ERISA § 502(g).

**IV.    Insurance Agreements (FRCP 26(a)(1)(A)(iv)).**

Nu Image currently is not aware of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse any payments made to satisfy judgment.

Dated:   July 30, 2014                    MORGAN, LEWIS & BOCKIUS LLP


By:   _/s/ Nicole A. Diller_
Nicole A. Diller
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001

*Attorneys for Defendant Nu Image, Inc.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25245927.1

5

DEFENDANT'S SUPPLEMENTAL INITIAL DISCLOSURES

**Exhibit C, Page 25**

# EXHIBIT D

1  MORGAN, LEWIS & BOCKIUS LLP
   Barbara A. Fitzgerald (SBN 151038)
2  bfitzgerald@morganlewis.com
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel:   (213) 612-2500
   Fax:   (213) 612-2501
5
   MORGAN, LEWIS & BOCKIUS LLP
6  Nicole A. Diller (SBN 154842)
   ndiller@morganlewis.com
7  Roberta H. Vespremi (SBN 225067)
   rvespremi@morganlewis.com
8  One Market, Spear Street Tower
   San Francisco, California 94105-1126
9  Tel:   (415) 442-1000
   Fax:   (415) 442-1001
10
   Attorneys for Defendant Nu Image, Inc.
11

12            UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14  DIRECTORS OF THE MOTION            Case No. 13-cv-03224-CAS (CWx)
    PICTURE INDUSTRY PENSION
15  PLAN AND DIRECTORS OF THE          **DEFENDANT NU IMAGE, INC.'S**
    MOTION PICTURE INDUSTRY            **RESPONSES TO PLAINTIFFS'**
16  HEALTH PLAN,                       **INTERROGATORIES, SET TWO**

17                  Plaintiffs,

18          vs.

19  NU IMAGE, INC., a California
20  Corporation,

21                  Defendant.

22

23  PROPOUNDING PARTY:      Plaintiffs DIRECTORS OF THE MOTION
                            PICTURE INDUSTRY PENSION PLAN and
24                          DIRECTORS OF THE MOTION PICTURE
                            INDUSTRY HEALTH PLAN
25

26  RESPONDING PARTY:       Defendant NU IMAGE, INC.

27  SET NO:                 TWO

28

MORGAN, LEWIS &
 BOCKIUS LLP                                   DEF. NU IMAGE, INC.'S RESPONSES
ATTORNEYS AT LAW                                  TO INTERROGS., SET TWO
  SAN FRANCISCO                                 Case No. 13-cv-03224-CAS (CWx)

**Exhibit D, Page 26**

**RESPONSE TO INTERROGATORY NO. 14:**

Nu Image objects to this Interrogatory on the grounds that it is compound and seeks to evade the limits of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving its specific and general objections, Nu Image incorporates by this reference the documents produced by Nu Image in response to Request No. 82 (erroneously numbered Request No. 67) of Plaintiffs' Second Set of Requests for Production of Documents.

**INTERROGATORY NO. 15:**

Please identify each and every independent producer who Nu Image believed, as of 2006, had made one or more motion pictures subject to one of the Union Agreements but had not made any gross receipts contributions to the Plans, and the identity of such motion picture(s) produced by each such independent producer.

**RESPONSE TO INTERROGATORY NO. 15:**

Nu Image objects to this Interrogatory on the grounds that it is compound and seeks to evade the limits of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving its specific and general objections, Nu Image responds as follows:  as of 2006, Nu Image believed that no independent producer who was a signatory to the Basic Agreement had made gross receipts contributions to the Plans.

**INTERROGATORY NO. 16:**

Please identify each and every "significant business decision" made by Nu Image in reliance on the alleged "fiduciary representations," referenced in Your Answer, paragraph 3 of the Ninth Affirmative Defense, including but not limited to the name of the motion pictures as to which that significant business decision was made.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEF. NU IMAGE, INC.'S RESPONSES
TO INTERROGS., SET TWO
Case No. 13-cv-03224-CAS (CWx)

**Exhibit D, Page 27**

1    to state, for each individual, his/her name and contact information as well as the

2    assistance provided.

3    **RESPONSE TO INTERROGATORY NO. 20:**

4        Nu Image objects to this Interrogatory to the extent it calls for the disclosure

5    of attorney-client privileged or work-product information.

6        Subject to its general and specific objections, Nu Image states that it, by and

7    through its employees, answered and objected to plaintiffs' Second Set of

8    Interrogatories with the assistance of its counsel.

9

10    Dated: May 16, 2014          MORGAN, LEWIS & BOCKIUS LLP

11

12                      By:   */s/ Nicole A. Diller*

13                      Barbara A. Fitzgerald

14                      Nicole A. Diller
                               Roberta H. Vespremi

15                      MORGAN, LEWIS & BOCKIUS LLP
                               One Market, Spear Street Tower

16                      San Francisco, California 94105-1126
                               Tel: (415) 442-1000

17                      Fax: (415) 442-1001

18                      Attorneys for Defendant Nu Image, Inc.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEF. NU IMAGE, INC.'S RESPONSES
TO INTERROGS., SET TWO
Case No. 13-cv-03224-CAS (CWx)

**Exhibit D, Page 28**