DAVID ADELSTEIN (SBN 105250)
dadelstein@BushGottlieb.com
DAVID AHDOOT (SBN 245133)
dahdoot@BushGottlieb.com
**BUSH GOTTLIEB**
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 91203-3345
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Plaintiffs
DIRECTORS OF THE MOTION PICTURE
INDUSTRY PENSION PLAN AND
DIRECTORS OF THE MOTION PICTURE
INDUSTRY HEALTH PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>NU IMAGE, INC., a California corporation,<br><br>Defendant. | **CASE NO. CV 13-03224-CAS (CWx)**<br><br>**(1) PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATED TO ALLEGED ASSURANCES BY IATSE REPRESENTATIVES**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION**<br><br>**[Fed. R. Evid. 401-403]**<br><br>DATE: November 17, 2014<br>TIME: 11:00 a.m.<br>CRTM: 5<br><br>**JUDGE: Hon. Christina A. Snyder** |

/ / /

/ / /

/ / /

/ / /

502203.5 11011-19033

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 2 and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2014, at 11:00 a.m., or as soon thereafter may be heard by the Honorable Christina A. Snyder in the above-referenced court, located at Courtroom 5 on the 2nd Floor of the United States Courthouse at 312 North Spring Street, Los Angeles, CA 90012, plaintiffs Directors of the Motion Picture Industry Pension Plan and Directors of the Motion Picture Industry Health Plan ("Plaintiffs") will, and hereby do, move this Court *in limine* for an order preventing defendant NuImage, Inc. ("Defendant") from introducing the following evidence through testimony or other means:

1)  any oral assurances by Matthew Loeb, Michael Miller, or Thomas Short concerning the payment of residual contributions to the Motion Picture Industry Pension and Health Plans ("Plans") or the enforcement of residual payments by the Plans;

2)  any oral assurances by any local, regional, or international labor unions of the International Alliance of Theatrical State Employees ("IATSE"), or their agents, concerning the enforcement of residual payments by the Plans;

This Motion is made pursuant to Federal Rules of Evidence 401, 402, and 403, on the grounds that Defendant is precluded from introducing irrelevant and prejudicial evidence at trial.

This Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Declaration of David Adelstein and accompanying exhibits, Plaintiffs' proposed order, the records and files of this Court, and upon any other evidence or argument presented at the hearing on this motion or of which the Court may take judicial notice.

/ / /

/ / /

/ / /

/ / /

1

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 2 and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1    This Motion is made following the conference of counsel pursuant to Local

2  Rule 7-3, which took place on October 16, 2014.

3

4

5

6  DATED: October 20, 2014          BUSH GOTTLIEB, A Law Corporation

7

8

9

10                                  By: /s/ David Adelstein

11                                      DAVID ADELSTEIN
                                        DAVID E. AHDOOT
12
                                    Attorneys for Plaintiffs
13
                                    DIRECTORS OF THE MOTION PICTURE
14                                  INDUSTRY PENSION PLAN AND
                                    DIRECTORS OF THE MOTION PICTURE
15                                  INDUSTRY HEALTH PLAN

16

17

18

19

20

21

22

23

24

25

26

27

28

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATED TO ALLEGED ASSURANCES BY IATSE REPRESENTATIVES**

## I.    INTRODUCTION

This Motion *in Limine* No. 2 ("Motion *in Limine*") is based on the uncontroversial position that defendant Nu Image, Inc. ("Defendant" or "Nu Image") should be prevented from introducing evidence for the purpose of establishing affirmative defenses that Plaintiffs anticipate will  be dismissed by the Court pursuant to Plaintiffs' Motion for Partial Summary Judgment directed to Defendants' Laches and Equitable Estoppel Defenses.  Defendant has declined to stipulate to this common-sense restriction.

Accordingly, plaintiffs Directors of the Motion Picture Industry Pension Plan and Directors of the Motion Picture Industry Health Plan ("Plaintiffs") request that this Court order Defendant to exclude any such evidence, which has no proper purpose in a trial other than to waste the parties' and this Court's time.

## II.    STATEMENT OF FACT

On October 6, 2014, Plaintiffs filed their Motion for Partial Summary Judgment ("Motion for PSJ") as to two of Defendant's affirmative defenses: estoppel (Ninth Affirmative Defense) and laches (Tenth Affirmative Defense). (Mot. Dkt. No. 65.)  The Court has set a date of November 10, 2014, to hear Plaintiffs' Motion for PSJ.

On October 16, 2014, counsel for the parties conferred pursuant to Local Rule 16 and, as required, disclosed "which of the party's pleaded claims and defenses the party plans to pursue."  C.D.L.R. 16-2.8.  During this conference, counsel for Defendant advised counsel for Plaintiffs that Defendant did not plan to pursue the following affirmative defenses at trial:  "Failure to State a Cause of Action" (First Affirmative Defense), "Failure to Establish Prerequisites under ERISA § 502(g)(2)(E)" (Second Affirmative Defense), "Exclusive Jurisdiction of Arbitration

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  under IATSE Agreements" (Third Affirmative Defense), Failure to Exhaust

2  Administrative Remedies (Fourth Affirmative Defense),  "Contribution" ( Seventh

3  Affirmative Defense), and "Indemnity" (Eighth Affirmative Defense).  (Adelstein

4  Dec. ¶ 2, page 2); (Answer to First Amended Compl., Dkt. No. 29, Ex. A at p.7.)

5       Counsel discussed what would happen if the Court granted Plaintiffs' Motion

6  for Partial Summary Judgment as to the Equitable Estoppel and Laches Defenses.

7  Defendant's counsel  stated that Nu Image would not only pursue its Fifth

8  Affirmative Defense of "Accord and Satisfaction" and its Sixth Affirmative Defense

9  of "Good Faith," but in support of those two remaining affirmative defenses it

10 would offer evidence concerning the alleged oral representations by IATSE

11 representatives Matthew Loeb, Michael Miller and Thomas Short during the 2006

12 labor negotiations to the effect that Nu Image would not have to pay residual

13 contributions to the Plans if Nu Image signed a term agreement with the IATSE (the

14 "**Alleged Oral Assurances**"). (Adelstein Dec. ¶ 3, page 2.)

15      Defendant's Counsel advised that these **Alleged Oral Assurances** would be

16 relevant to its Fifth Affirmative Defense of "Accord and Satisfaction" on the ground

17 that the **Alleged Oral Assurances** constituted an agreement between Nu Image and

18 the Plans that Nu Image had already satisfied any residual contributions that the

19 written agreements might require be paid. (Adelstein Dec. ¶ 4, pages 2-3.)

20 Defendant's Counsel advised that these **Alleged Oral Assurances** would be

21 relevant to its Sixth Affirmative Defense of "Good Faith" on the ground that the

22 **Alleged Oral Assurances** caused Nu Image to reasonable rely in good faith on the

23 promises of the IATSE, and that any residual contributions the Court should find

24 owing to the Plans should be reduced on account of Nu Image's good faith conduct.

25 (Adelstein Dec. ¶ 4, page 3)

26      Defendant's Fifth Affirmative Defenses is alleged as follows in its Answer to

27 the First Amended Complaint:

28

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 2 and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1

2

## **Fifth Affirmative Defense**
### (Accord and Satisfaction)

3

The doctrine of accord and satisfaction bars each of Plaintiffs' claims because Nu Image has made all contributions due under the various IATSE agreements.(Answer, Dkt. No. 29, Notice of Errata, Ex. A at p.7.)

4

5

6

Defendant's description of the Fifth Affirmative Defense in its answer to

7

Plaintiffs' Interrogatory No.11 is as follows:

8

9

5.      Accord and Satisfaction:  This is a defense based on the theory that plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction because Nu Image has made all contributions due under the applicable agreements. **Nu Image incorporates by reference the facts supporting its equitable estoppel defense discussed below.**

10

11

12

(Adelstein Dec. ¶ 6, page 3, and Ex. A at p. 3 (emphasis added).)  Defendant's

13

Sixth Affirmative Defenses is alleged as follows in its Answer to the First Amended

14

Complaint:

15

## **Sixth Affirmative Defense**
### (Good faith)

16

17

Nu Image's alleged acts or omissions were undertaken in good faith and/or with good cause therefore barring, in whole or in part, plaintiffs' claims for relief.(Answer, Dkt. No. 29, Notice of Errata, Ex. A at p.7.)

18

19

Defendant's description of its Sixth Affirmative Defense in its answer to

20

Plaintiffs' Interrogatory No.11 is as follows:

21

22

6.      Good Faith:    This is a defense based on the theory that Nu Image's alleged acts or omissions were undertaken in good faith and/or with good cause therefore barring, in whole or in part, plaintiffs' claims for relief.  **Nu Image incorporates by reference its equitable estoppel defense discussed below.**

23

24

25

(Adelstein Dec. ¶ 6, page 3, and Ex. A at p. 3 (emphasis added).)

26

/ / /

27

/ / /

28

/ / /

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

### III.   **ARGUMENT**

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir.2007) (en banc).  If evidence is relevant, it is generally admissible under Federal Rule of Evidence 402.  *See id.*  However, relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Plaintiffs' Motion *in Limine* is made without the benefit of the Court's upcoming decision on its Motion for PSJ.  This Motion *in Limine* is necessary in light of Defendant's refusal to stipulate to refrain from introducing evidence in support of patently irrelevant issues at trial.  Accordingly, the instant Motion *in Limine* must assume as a predicate act that this Court will grant Plaintiffs' Motion for PSJ and dismiss Defendant's Ninth Affirmative Defense (estoppel) and Tenth Affirmative Defense (laches).

As a general matter, evidence offered in support of affirmative defenses that have been dismissed by the Court or which Defendant declines to pursue have no place at trial, and only serve to create undue delay and confusion.  Therefore, the Court should exclude any evidence of the **Alleged Oral Assurances** introduced for the purpose of proving any other affirmative defense, including the Fifth and Sixth Affirmative Defenses.  Although Defendant has referenced estoppel within its Interrogatory Responses describing these affirmative defenses, the Fifth Affirmative Defense of "Accord and Satisfaction" and Sixth Affirmative Defense of "Good faith" have nothing to do with the theories of the Ninth Affirmative Defense of "Estoppel" (or, for that matter, the Tenth Affirmative Defense of "Laches").

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 2 and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

Whether the Plans acted inequitably because Plan fiduciaries told Nu Image in 2006 that it would not have to pay residuals, and whether the Plans acted in an untimely, inequitable manner by belatedly enforcing a contractual obligation, has nothing to do with a settlement offered or accepted with respect to Plaintiffs' residual claims.

The traditional elements of the affirmative defense of "accord and satisfaction" are  (1) acceptance by a creditor of an amount "tendered as full satisfaction of a larger debt"; and (2) the "tender by the debtor [] gives the creditor adequate notice that a compromise is being proposed."). *See Teledyne Mid-Am. Corp. v. HOH Corp.,* 486 F.2d 987, 992-93 (9th Cir. 1973)  The concept of "Accord and Satisfaction" cannot depend on the arguments of estoppel or of laches.  If the Court concludes that the **Alleged Oral Assurances** made by IATSE representatives are not legally sufficient to bar the Plans from recovering residual contributions under ERISA, those same verbal statements cannot represent a settlement by the Plans of Nu Image's residual contribution obligation.

The concept of "Good faith" also does not relate to estoppel or laches.  *See* Restatement (Second) of Contracts § 205 (1981) ("Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.").  Whether the parties have acted consistent within *agreed upon expectations* is a completely separate inquiry as to whether, in equity, enforcement of an agreement should be permitted due to conflicting representations (*i.e.*, estoppel) or whether enforcement has come too late (*i.e.*, laches).  Again, If the Court concludes that the **Alleged Oral Assurances** made by IATSE representatives are not legally sufficient to bar the Plans from recovering residual contributions under ERISA, those same verbal statements cannot represent a legitimate basis for Nu Image to claim that it acted in

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1   a manner that is consistent with the Plans' expectations to reduce the amount o

2   residual contribution Nu Image owes to the Plans.

3    Accordingly, should this Court grant the Motion for PSJ, the following

4   evidence of the **Alleged Oral Assurances** should be excluded, because they serve

5   no legitimate purpose apart from their use to prove the Ninth and Tenth Affirmative

6   Defenses:

7

8     1)  any oral assurances by Matthew Loeb, Michael Miller, or Thomas
  Short concerning the payment of residual contributions to Plans or the
  enforcement of residual payments by the Plans; and

9     2)  any oral assurances by any local, regional, or international labor
  unions of IATSE, or their agents, concerning the enforcement of
10     residual payments by the Plans.

11

12    The only Affirmative Defenses in Defendant's answer that include allegations

13   based upon or referring to the **Alleged Oral Assurances** regarding the enforcement

14   of residual payments are the Ninth (estoppel) and Tenth (laches) Affirmative

15   Defenses.  As such, assuming these two Affirmative Defenses are dismissed, there is

16   no legitimate basis to introduce any oral assurances concerning the enforcement of

17   residual payments by Plaintiffs.

18    In sum, only relevant evidence may be submitted at trial.  Defendant has

19   conceded that evidence offered to prove the First, Second, Third, Fourth, Seventh,

20   and Eighth Affirmative Defenses is not relevant, because Defendant has notified

21   Plaintiffs that they will decline to pursue them.  While Defendant may proceed with

22   attempting to prove its Fifth and Sixth Affirmative Defenses at trial, it should be

23   barred from relying on evidence of the **Alleged Oral Assurances** to support them.

24   / / /

25   / / /

26   / / /

27   / / /

28

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

502203.5  11011-19033

6

PLAINTIFFS DIRECTORS OF THE MOTION PICTURE INDUSTRY PLANS MOT. IN LIMINE NO. 2 and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION

1

## IV.   <u>CONCLUSION</u>

2          Plaintiffs respectfully request that the Court grant their Motion *in Limine* No.

3   2 and order that the following evidence be excluded at trial, whether introduced

4   through testimony or any other means, including in support of its Fifth and Sixth

5   Affirmative Defenses:

6

7          1)  any oral assurances by Matthew Loeb, Michael Miller, or Thomas
           Short concerning the payment of residual contributions to the Plans or
8          the enforcement of residual payments by the Plans; and

9          2)  any oral assurances by any local, regional, or international labor
           unions of IATSE, or their agents, concerning the enforcement of
10         residual payments by Plaintiffs.

11

12  DATED: October  20, 2014                  BUSH GOTTLIEB, A Law Corporation

13

14                                            By: */s/ David Adelstein*
                                              _____
15                                            DAVID ADELSTEIN
                                              DAVID E. AHDOOT
16
                                              Attorneys for Plaintiffs DIRECTORS OF THE
17                                            MOTION PICTURE INDUSTRY PENSION
                                              PLAN AND DIRECTORS OF THE MOTION
18                                            PICTURE INDUSTRY HEALTH PLAN

19

20

21

22

23

24

25

26

27

28

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

7