MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald (SBN 151038)
bfitzgerald@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Nicole A. Diller (SBN 154842)
ndiller@morganlewis.com
Roberta H. Vespremi (SBN 225067)
rvespremi@morganlewis.com
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant Nu Image, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN AND DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>NU IMAGE, INC.,<br><br>                    Defendant. | Case No. CV 13-3224-CAS (CWx)<br><br>**DEFENDANT NU IMAGE, INC.'S PRETRIAL MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**[LOCAL RULE 16-4]**<br><br>Pretrial<br>Conf.:  November 17, 2014<br>Time:   10:00 a.m.<br>Crtm:   5<br><br>Judge:  Hon. Christina A. Snyder |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. NU IMAGE, INC.'S PRETRIAL MEMO. OF
CONTENTIONS OF FACT AND LAW
CASE NO. CV 13-3224-CAS (CWX)

# TABLE OF CONTENTS

                                                                                             **Page**

I.    THE DIRECTORS' CLAIMS .................................................................................1
- A. The Directors' Claim For Purported Failure to Comply with Audit Obligations. ........................................................................1
  - 1. The Elements Required to Establish the Directors' First Cause of Action. ...............................................................1
  - 2. The Evidence Shows Plaintiffs' First Cause of Action Is Moot. .........................................................................1
- B. Directors' Claim that Nu Image Failed to Make Residuals Contributions to the Plans (ERISA § 515, 29 U.S.C. § 1145)............2
  - 1. Elements of Plaintiffs' Second Cause of Action .......................2
  - 2. The Evidence Establishes That Plaintiffs' Second Cause of Action Fails. ..................................................................2
- C. Directors' Claim to Recover Payroll Contributions Allegedly Owed to the Plans (ERISA § 515). .................................................2
  - 1. Elements of Plaintiffs' Third Cause of Action. ........................2
  - 2. The Evidence Shows Plaintiffs' Third Cause of Action Fails on the Merits. ..........................................................3
- D. Fourth Cause of Action: Alleged Violation of LMRA § 301(a) (29 U.S.C. §185(a))........................................................................3
  - 1. Plaintiffs' Fourth Cause of Action Is Based on a Jurisdictional Statute and Contains No Independent Elements. .................................................................3

II.    DEFENDANT'S AFFIRMATIVE DEFENSES..................................................3
- A. Equitable Estoppel (Ninth Affirmative Defense) ...............................4
  - 1. Elements of Equitable Estoppel Defense ................................4
  - 2. Key Evidence Shows that the Directors' Residuals Contributions Claims Are Equitably Estopped .......................5
- B. Statute of Limitations (Eleventh Affirmative Defense).......................6
  - 1. Elements of Statute of Limitations Defense.............................6
  - 2. Key Evidence In Support of Nu Image's Statute of Limitations Defense.................................................................7
- C. Laches (Tenth Affirmative Defense) ...................................................8
  - 1. Elements of Laches Defense...................................................8
  - 2. Key Evidence Shows Plaintiffs' Second, Third, and Fourth Causes of Action Are Barred by Defendant's Laches Defense ...............................................................8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

DEF. NU IMAGE, INC.'S PRETRIAL MEMO. OF
CONTENTIONS OF FACT AND LAW
CASE NO. CV 13-3224-CAS (CWX)

**TABLE OF CONTENTS**
(continued)

**Page**

| | | | |
|---|---|---|---|
| | D. | Accord and Satisfaction (Fifth Affirmative Defense) .......................... 9 | |
| | | 1. Elements of Accord and Satisfaction Defense ........................... 9 | |
| | | 2. Key Evidence in Support of This Defense ............................... 9 | |
| | E. | Good Faith (Sixth Affirmative Defense) ............................................ 10 | |
| | | 1. Elements of Good Faith Defense ............................................... 10 | |
| | | 2. Key Evidence in Support of Good Faith Defense .................... 10 | |
| III. | ANTICIPATED EVIDENTIARY ISSUES ..................................................... 10 | | |
| IV. | DEFENDANT'S POSITION ON ISSUES OF LAW .................................... 11 | | |
| V. | BIFURCATION OF ISSUES ............................................................................ 11 | | |
| VI. | ISSUES WHICH ARE TRIABLE TO A JURY ............................................. 12 | | |
| VII. | ATTORNEYS' FEES ....................................................................................... 12 | | |
| VIII. | ABANDONMENT OF ISSUES ...................................................................... 12 | | |
| IX. | CONCLUSION ................................................................................................. 12 | | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

DEF. NU IMAGE, INC.'S PRETRIAL MEMO. OF
CONTENTIONS OF FACT AND LAW
CASE NO. CV 13-3224-CAS (CWX)

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Audit Services, Inc. v Rolfson*,
    641 F.2d 757 (9th Cir. 1981) ................................................................... 4, 11

*Building Service Emps. Pension Trust v. American Bldg. Maint. Co.*,
    828 F.2d 576 (9th Cir. 1987) ................................................................... 9, 11

*Camarillo v. McCarthy*,
    998 F.2d 638 (9th Cir. 1993) ........................................................................ 4

*Carpenters Health & Welfare Trust Fund v. Tri Capital, Corp.*,
    25 F.3d 849 (9th Cir. 1994) .......................................................................... 3

*Danjaq LLC v. Sony Corp.*,
    263 F.3d 942 (9th Cir. 2001) ........................................................................ 8

*Felton v. The Unisource Corp.*,
    940 F.2d 503 (9th Cir. 1991) ........................................................................ 6

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
    304 F.3d 829 (9th Cir. 2002) ........................................................................ 8

*Martin v. Construction Laborer's Pension Trust for So. Cal.*,
    947 F.2d 1381 (9th Cir. 1991) ...................................................................... 6

*Milgard Tempering, Inc. v. Selas Corp. of America*,
    902 F.2d 703 (9th Cir. 1990) ........................................................................ 9

*Miller v. Glenn Miller Prods.*,
    318 F. Supp. 2d 923 (C.D. Cal. 2004) .......................................................... 8

*Miller v. Glenn Miller Productions, Inc.*,
    454 F.3d 975 (9th Cir. 2006) ........................................................................ 8

*Northern Cal. Retail Clerks Unions v. Jumbo Markets, Inc.*,
    906 F.2d 1371 (9th Cir. 1990). ..................................................................... 6

*Oregon Laborers-Employers Trust Funds v. Pacific Fence and Wire Co.*,
    726 F. Supp. 786 (D. Ore. 1989) ................................................................ 11

*Teamsters & Employers Welfare Trust of Illinois v. Gorman Brothers Ready Mix*,
    283 F.3d 877 (7th Cir. 2002) ...................................................................... 11

*Trustees of Eighth Dist. Elec. Pension Fund v. Gietzen Elec., Inc.*,
    898 F.Supp.2d 1193 (D. Idaho Sept. 24, 2012) ............................................ 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Trustmark Life Ins. Co. v. University of Chicago Hospitals*,
  207 F.3d 876 (7th Cir. 2000) ..................................................................................... 10

**STATUTES**

29 U.S.C. , ERISA
  § 1132, § 502 ............................................................................................................... 6
  § 1145, § 515 ............................................................................................................ 1, 2

Cal. Civ. Proc. Code
  § 337 ........................................................................................................................ 4, 6

Cal. Civil Code
  § 1654 ........................................................................................................................ 11

Labor Management Relations Act
  § 301(a) (29 U.S.C. § 185(a)) ............................................................................. 1, 3, 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

DEF. NU IMAGE, INC.'S PRETRIAL MEMO. OF
CONTENTIONS OF FACT AND LAW
CASE NO. CV 13-3224-CAS (CWX)

**TO THE HONORABLE COURT**:

Pursuant to Local Rule 16-4, Defendant Nu Image, Inc. respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties, Nu Image's key supporting evidence, and other pretrial issues.

## I. THE DIRECTORS' CLAIMS

On December 13, 2013, the Directors of the Motion Picture Industry Pension and Health Plans (the "Directors") filed a First Amended Complaint against Nu Image for the following causes of action: (1) failure to comply with audit obligations (ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)); (2) failure to make residuals contributions to the Plans (ERISA § 415,[1] 29 U.S.C. § 1145); (3) failure to make payroll contributions to the Plans (ERISA § 415); and (4) violation of the Labor Management Relations Act ("LMRA") § 301(a) (29 U.S.C. § 185(a)). Dkt. No. 25. Each of these claims fails on the merits.

### A. The Directors' Claim For Purported Failure to Comply with Audit Obligations.

#### 1. The Elements Required to Establish the Directors' First Cause of Action.

Plaintiffs' First Cause of Action for an alleged "violation" of 29 U.S.C. § 1132(g)(2)(E) is a request for relief and not a standalone cause of action. Even if it were a proper claim, the Directors would need to demonstrate that Nu Image had outstanding audit obligations related to the Directors' claims.

#### 2. The Evidence Shows Plaintiffs' First Cause of Action Is Moot.

The Directors admit that Nu Image has met all of its obligations concerning the Plans' audit. Indeed, Kyle Uemura, the Directors' Rule 30(b)(6) witness and

---

[1] The Directors erroneously labeled the Second and Third Causes of Action as ERISA "section 415" claims in the First Amended Complaint. ERISA section 415 does not exist. ERISA section 515 concerns contribution claims to multi-employer plans under a collective bargaining agreement.

the lead auditor, admits that the auditors have all they need from Nu Image to complete the audit, and that the only changes needed to finalize the audit are adjustments based on information already in the auditors' possession. Deposition Transcript of Kyle Uemura ("Uemura Depo. Tr.") at 69:8-70:1. Because the evidence establishes that no present controversy exists as to the First Cause of Action, it is moot.

### B. Directors' Claim that Nu Image Failed to Make Residuals Contributions to the Plans (ERISA § 515, 29 U.S.C. § 1145).

#### 1. Elements of Plaintiffs' Second Cause of Action

To prevail on a Section 515 claim, a plaintiff must show:

- the trust fund is a multiemployer plan;
- the defendant is an employer *obligated to pay contributions* under the terms of the plan; and
- defendant failed to pay contributions in accordance with the plan.

*Trustees of Eighth Dist. Elec. Pension Fund v. Gietzen Elec., Inc.*, 898 F.Supp.2d 1193, 1198 (D. Idaho Sept. 24, 2012) (emphasis added) ("*Gietzen*"). Dispute only exists in this action as to the second element—whether Nu Image was "an employer obligated to pay contributions."

#### 2. The Evidence Establishes That Plaintiffs' Second Cause of Action Fails.

The evidence demonstrates that Nu Image was never obligated to make residuals contributions to the Plans for the titles at issue. From the mid-1990s until 2009, the Plans *never* requested Nu Image to pay residuals contributions; and the Directors promised Nu Image in 2006 that it would not have to pay residuals contributions on a going forward basis. *See, infra* II.A. Therefore, the Directors cannot establish that Nu Image was obligated to make residuals contributions to the Plans for the films at issue.

**C. Directors' Claim to Recover Payroll Contributions Allegedly Owed to the Plans (ERISA § 515).**

**1. Elements of Plaintiffs' Third Cause of Action.**

The elements of Plaintiffs' Third Cause of Action for collection of alleged delinquent payroll contributions under ERISA § 515 are identical to those of their Second Cause of Action. The primary dispute, however, is the third element: whether defendant failed to pay contributions in accordance with the plan. *See Gietzen*, 898 F.Supp.2d at 1198.

**2. The Evidence Shows Plaintiffs' Third Cause of Action Fails on the Merits.**

The evidence shows that Plaintiffs' claims for payroll contributions are barred by the statute of limitations and laches. *See* Parts II(B)-(C), *infra*. The Directors knew or should have known that Nu Image had not allegedly made full payroll contributions for some of its films by December 2008 at the latest because payroll contributions are due at the time employees are paid. Therefore, by the time the last paycheck was issued for a film, the Plans should have been on notice that Nu Image purportedly did not make full payroll contributions for some of its films. Short Decl., ¶ 14. For nine out of the ten films at issue, the four-year statute of limitations ran long before the filing of this action. *Id.* And the tenth is not even Nu Image's film. *Id.*, ¶ 13.

**D. Fourth Cause of Action: Alleged Violation of LMRA § 301(a) (29 U.S.C. §185(a)).**

Plaintiffs' Fourth Cause of Action is based on a jurisdictional statute, and asserts no additional purported violations by Nu Image other than those alleged in the First, Second, and Third Causes of Action. FAC, ¶¶ 37-40. Thus, it too fails for the same reasons discussed above.

### 1. Plaintiffs' Fourth Cause of Action Is Based on a Jurisdictional Statute and Contains No Independent Elements.

LMRA section 301(a)[2] merely confers jurisdiction on this Court, and does not set forth any substantive elements. To invoke section 301 jurisdiction, "all that is required... is that the suit be based on an alleged breach of contract between an employer and a labor organization and that the resolution of the lawsuit must be focused upon and governed by the terms of the contract." *Carpenters Health & Welfare Trust Fund v. Tri Capital, Corp.*, 25 F.3d 849, 858 (9th Cir. 1994). To the extent the Fourth Cause of Action is intended as merely a recitation of the First, Second and Third Causes of Action, the same substantive elements above, if any, apply along with Nu Image's evidence in opposition, dooming this claim as well.

## II. DEFENDANT'S AFFIRMATIVE DEFENSES

Nu Image asserted 10 affirmative defenses in its Answer to Plaintiffs' FAC (Dkt. No. 28), and moved for leave to assert an additional statute of limitations affirmative defense which is now pending before the Court (Dkt. No. 68).[3] Of those, Nu Image intends to assert the following at trial:

- Ninth Affirmative Defense – Equitable Estoppel:  The Directors' false statements and induced detrimental reliance bar their claims for residuals contributions;

- Eleventh Affirmative Defense – Statute of Limitations: The Directors' claims are barred by the applicable four-year statute of limitations (Cal. Civ. Proc. Code § 337);

---

[2] Section 301(a): "Suits for violation of contracts between an employer and a labor organization representing employees…may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

[3] Nu Image also argues that such leave for amendment is not necessary under case law that permits a party to raise a defense for the first time on a motion for summary judgment. *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

- Tenth Affirmative Defense – Laches: The Directors unreasonably delayed in bringing their claims resulting in prejudice to Nu Image;

- Fifth Affirmative Defense – Accord and Satisfaction: The Directors' claims are barred by the doctrine of accord and satisfaction because Nu Image has made all contributions due; and

- Sixth Affirmative Defense – Good Faith: Nu Image's alleged acts or omissions were undertaken in good faith and with good cause therefore barring, in whole or in part, the Directors' claims for relief.

### A. Equitable Estoppel (Ninth Affirmative Defense)

#### 1. Elements of Equitable Estoppel Defense

To establish equitable estoppel, a party must prove that:

1. The party to be estopped must know the facts;

2. That party must intend that its conduct will be acted upon or must so act that the party asserting the estoppel has a right to believe it is so intended;

3. The latter party must be ignorant of the true facts; and

4. The latter party must rely on the former's conduct to its injury.

*See Audit Services, Inc. v Rolfson*, 641 F.2d 757, 762 (9th Cir. 1981) (citations omitted). The evidence at trial will prove each of these elements.

#### 2. Key Evidence Shows that the Directors' Residuals Contributions Claims Are Equitably Estopped

The Directors' prior practices and broken promises upon which Nu Image relied to its detriment bar them from seeking residuals contributions in this suit:

- The Directors never sought residuals contributions from Nu Image or from any of its single-purpose production entities[4] between 1995 and 2009. Declaration of Trevor Short in support of Nu Image's Summ. Adj. Mot. (Dkt. No.

---

[4] The Directors cannot have it both ways, as they attempt in their summary judgment papers, by bringing this suit for titles made under single project agreements with single-production entities that are wholly owned by Nu Image (*see* FAC ¶ 10) and simultaneously claiming that those agreements prior to 2006 cannot give rise to Nu Image's affirmative defenses.

69-4) ("Short Decl.") ¶¶ 2-4; Deposition Transcript of Matthew Loeb ("Loeb Depo.") at 195:14-21; Deposition Transcript of Hank Lachmund ("Lachmund Depo.") at 94:8-95:25, 112:19-21.

- Plan fiduciaries, who served in dual roles as IATSE representatives, promised Nu Image at two meetings in April 2006 as part of a negotiation for an overall deal that it would not have to pay residuals contributions to the Plans. Short Depo. Tr. at 233:16- 234:12, 250:9-251:11, 251:12-252:14, 252:23-254:16, 258:1-261:10, 261:17-25, 262:15-263:2, 264:1-15; Deposition Transcript of Avi Lerner ("Lerner Depo Tr.") at 56:4-58:1, 58:13-59:2, 59:22-61:12, 74:24-76:23, 77:6-79:10, 82:10-84:5, 89:18-90:17, 91:19-93:10, 94:20-25, 99:4-100:17, 113:20-114:10.

- The Plans are bound by the statements made by Messrs. Tom Short, Loeb, and Miller. Short Depo. Tr. at 261:17-25, 262:15-263:2; *see also* Declaration of Juanito Antonio Fernandez Ramas in opposition to Def.'s Mot. for Summ. Adj. ("Ramas Decl.") (Dkt. No. 86-4), Ex. I (10/25/2006 Tom Short resignation letter).

- These Plans fiduciaries had a duty to tell the truth to Nu Image because they were speaking to Nu Image about matters of plan administration. Loeb Depo. Tr. at 36:8-37:11; Miller Depo. Tr. at 23:2-24:13.

- Nu Image would not have negotiated with the individuals if it thought that they did not have authority to negotiate on the topic of residual contributions to the Plans. Short Depo. Tr. at 259:15- 260:2, 261:17-25, 264:1-15, 265:11-266:17; Lerner Depo Tr. at 74:24-76:23, 77:6-79:10, 81:5-23, 113:20-114:10.

- Had Nu Image known the Directors would break their promises and seek residuals contributions, it would have shot certain films outside of the Basic Agreement's jurisdiction and altered its hiring practices. Lerner Depo. Tr. at 101:17-19; Declaration of Avi Lerner in support of Nu Image's Summ. Adj. Mot. (Dkt. No. 69-2) ("Lerner Decl.") ¶¶ 5-6, 8-11.

- Since 2012, when Nu Image entered into a prospective residuals contributions agreement with IATSE, Nu Image has altered its business decisions, which it would have done earlier had it known that the Directors would backtrack on their promises and practices and seek residuals contributions. Lerner Decl. ¶¶ 6, 8-10.

### B. Statute of Limitations (Eleventh Affirmative Defense)

Plaintiffs' payroll contributions and residuals contributions claims as to certain films were filed after the applicable four-year statute of limitations, even taking into account a negotiated tolling period applicable to the residuals contributions claims. Thus, such claims are time-barred.

#### 1. Elements of Statute of Limitations Defense

To succeed on its statute of limitations defense, Nu Image need only prove that the Directors knew or should have known about the harm they seek to redress more than four years before they filed a civil action. *Northern Cal. Retail Clerks Unions v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990). Plaintiffs' Second, Third, and Fourth Causes of Action are subject to a four-year statute of limitations. *Felton v. The Unisource Corp.*, 940 F.2d 503, 510 (9th Cir. 1991) ("[b]ecause the civil enforcement section of ERISA, § 502, 29 U.S.C. § 1132, does not provide its own statute of limitations, courts must determine the applicable limitations period. . . [from] analogous state statutes of limitations") (internal quotation marks omitted); *Jumbo Markets, Inc.*, 906 F.2d at 1372 (holding that the forum state's statute of limitations for breach of written contract claims applies to Section 515 claims); *Martin v. Construction Laborer's Pension Trust for So. Cal.*, 947 F.2d 1381, 1384 (9th Cir. 1991) (stating that a claim for violation of Section 301 of the LMRA is governed by California's four-year statute of limitations for breach of contract); Cal. Civ. Proc. Code § 337 (California statute of limitations for a breach of written contract claim is four years).

### 2. Key Evidence In Support of Nu Image's Statute of Limitations Defense.

- **Payroll Contribution Claims.** The Directors knew or should have known that Nu Image had not allegedly made full payroll contributions for the following films by December 2008 at the latest because payroll contributions are due at the time employees are paid: *16 Blocks, The Cleaner, The Code, Day of the Dead, Double Identity, Mad Money* (misidentified by plaintiffs as *New Orleans*), *Rambo IV*, *Shark in Venice*, and *Wicker Man*. Therefore, by the time the last paycheck was issued for a film, the Plans should have been on notice that Nu Image purportedly did not make full payroll contributions for some of its films. Short Decl. ¶ 14. For nine out of the ten films at issue, the four-year statute of limitations ran long before the filing of this action. *Id.* And the tenth is not even Nu Image's film. *Id.* ¶ 13.

- **Residuals Contribution Claims.** The Directors knew or should have known that Nu Image was not paying any residuals contributions on the following films by December 2007 at the latest: *Blond Ambition, The Cleaner, Day of the Dead, King of California, Mad Money, Til Death,* and *Wicker Man*. Residuals contributions are typically paid in the quarter after a producer has received full payment from a distributor for a picture. Uemura Depo. Tr. at 34:13-17; Deposition Transcript of Howard Kaplan ("Kaplan Depo. Tr.") at 67:22-68:14; Loeb Depo. Tr. at 79:4-6. The Directors were on notice of Nu Image's nonpayment of residuals contributions because the Directors' Audit & Delinquency Committee (the "Committee"), which oversees the collection of overdue contributions and periodic audits of producers, received reports for payroll contributions for Nu Image's films at issue and did not receive residuals contribution reports reflecting Nu Image's payments. Lachmund Depo. Tr. at 35:9-37:24; Deposition Transcript of Michael Miller ("Miller Depo. Tr.") at 48:15-49:2. The Directors admitted that only receiving one report could indicate that a producer was not paying residuals contributions. Lachmund Depo. Tr. at 38:19-24, 40:8-19, 47:16-48:11, 48:13-20, 49:24-50:13. Even with the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8    DEF. NU IMAGE, INC.'S PRETRIAL MEMO. OF
CONTENTIONS OF FACT AND LAW
CASE NO. CV 13-3224-CAS (CWX)

benefit of tolling, Plaintiffs' residuals contributions claims are time-barred as to seven films at issue. Short Decl., ¶ 9. Thus, Plaintiffs' Second and Fourth Causes of Action for residuals contributions are time-barred as to these seven films.

### C. Laches (Tenth Affirmative Defense)

#### 1. Elements of Laches Defense

A defendant asserting laches must prove that "(1) [plaintiff's] delay in filing suit was unreasonable, and (2) [defendant] would suffer prejudice caused by the delay if the suit were to continue." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002). The relevant period of delay for laches "is the period from when the plaintiff knew (or should have known) of the allegedly infringing conduct, until the initiation of the lawsuit in which the defendant seeks to counterpose the laches defense." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 952-53 (9th Cir. 2001) (emphasis added). If any part of a defendant's alleged wrongful conduct occurred outside of the statute of limitations period, which the parties agree is four years, there is a rebuttable presumption that the delay is unreasonable. *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975 (9th Cir. 2006). Prejudice can be in the form of expectation-based prejudice, wherein the defendant "invested money to expand its business or entered into business transactions based on his presumed rights." *Danjaq, LLC*, 263 F.3d at 955; *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 944 (C.D. Cal. 2004), *aff'd*, 454 F.3d 975 (9th Cir. 2006).

#### 2. Key Evidence Shows Plaintiffs' Second, Third, and Fourth Causes of Action Are Barred by Defendant's Laches Defense

- **Delay Was Unreasonable.** Plaintiffs' delay in filing suit is presumptively unreasonable as to the films that fall outside the four-year statute of limitations for both the residuals contributions and payroll contributions claims. As discussed above (Part II(B), *supra*), the statute of limitations lapsed as to nine films for payroll contributions and as to seven films for payroll contributions. Further, as to films that fall within the statute of limitations, the Directors' delay was also unreasonable because they had known since 1996 that Nu Image had never paid

residuals contributions, and since the spring 2006 negotiation sessions that Nu Image had no intention of doing so going forward. Therefore, at least some of the Directors should have realized that Nu Image had not paid any residuals contributions.

- **Plaintiffs' Unreasonable Delay Has Prejudiced Nu Image**. Nu Image made significant business decisions it would not have made without the Directors' long history of not seeking to recover residuals contributions with respect to Nu Image productions, the Directors' 2006 promises, and the Directors' failure to timely bring this action. Specifically, many of the films at issue would have been produced outside the jurisdiction of the Basic Agreement, probably in Nu Image's own production studios in Bulgaria where it produces a significant number of its films, and Nu Image would have changed its hiring practices. Lerner Decl. ¶¶ 9-11; Short Decl., ¶ 13.

### D. Accord and Satisfaction (Fifth Affirmative Defense)

#### 1. Elements of Accord and Satisfaction Defense

The Ninth Circuit has summarized the elements of the defense of accord and satisfaction under California law[5] as "[1] existence of a bona fide dispute [2] resolved by mutual consent [3] of competent parties, [4] with each side supplying consideration." *Building Service Emps. Pension Trust v. American Bldg. Maint. Co.*, 828 F.2d at 578 *citing Moving Picture Mach. Operators Union Local No. 162 v. Glasgow Theatres, Inc.*, 6 Cal.App.3d 395, 402-03 (1970); *accord Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703 (9th Cir. 1990) ("An accord and satisfaction consists of three elements: (1) a bona fide dispute; (2)

---

[5] "Federal substantive law applies to issues involving rights and obligations under ERISA. A federal court 'may use forum contract law to flesh out federal principles' to effect federal labor policy." *Building Service Emps. Pension Trust v. American Bldg. Maint. Co.*, 828 F.2d 576, 578 (9th Cir. 1987) (internal citations omitted) (applying California contract law on accord and satisfaction).

an agreement to settle that dispute (accord); and (3) execution of that agreement (satisfaction).") (applying Washington state law).

### 2. Key Evidence in Support of This Defense

The evidence shows that the Directors promised Nu Image that it would continue to not have to pay residuals contributions in exchange for entering into the Overall Agreement. Lerner Depo. Tr. at 83:5-84:5, 89:18-90:17, 91:19-93:10, 94:20-25; Short Depo. Tr. at 258:1-260:2. Nu Image entered into the 2006 agreement to resolve a long-standing dispute between it and the Plans and unions in good faith and therefore has met all of the obligations necessary. Lerner Depo. Tr. at 48:16-49:25, 82:10-84:5, 89:18-90:17; Short Depo. Tr. at 181:13-182:4, 233:16-234:12, 235:2-236:8. The Directors cannot now reject their acceptance of this bargain in hindsight.

### E. Good Faith (Sixth Affirmative Defense)

Plaintiffs' claims are entirely barred by the above affirmative defenses. However, an employer's good faith and substantially justified position that it was in compliance with ERISA, even if ultimately unsuccessful on the merits, is a defense to the imposition of attorneys fees, liquidated damages, and prejudgment interest. Thus, Plaintiffs' requests for these remedies under ERISA section 502(g) should be denied in any event.

### 1. Elements of Good Faith Defense

The general test for this good faith defense is: "[W]as the losing party's position substantially justified and taken in good faith, or was that party merely out to harass its opponent?" *Trustmark Life Ins. Co. v. University of Chicago Hospitals*, 207 F.3d 876, 884 (7th Cir. 2000). The test for whether the non-prevailing party's position was "substantially justified" is whether such party's position is "justified to a degree that could satisfy a reasonable person." *Id.*, *citing Pierce v. Underwood,* 487 U.S. 552, 565 (1988).

**2. Key Evidence in Support of Good Faith Defense**

The evidence shows Nu Image acted at all times in good faith and in reliance on the Directors' binding oral promises that they would not seek residuals contributions. *See* Part II(A), *supra*. Thus, at the absolute minimum, Nu Image's good faith belief and reliance that the Directors would not seek residuals contributions establishes that its actions were substantially justified, and the Directors' claims for prejudgment interest, liquidated damages and attorneys' fees should be denied.

## III. ANTICIPATED EVIDENTIARY ISSUES

Nu Image anticipates evidentiary issues as to the following, some of which may be resolved by the Court via the parties' motions *in limine*:

- **Admissibility of Testimony from Plaintiffs' experts:** Nu Image has reserved its rights to challenge the admissibility of the Directors' expert witnesses' testimony at trial.

- **Admissibility of evidence concerning the Directors' April 2006 assurances:** The Directors have sought to exclude their own promises and guarantees to Nu Image on the ground that the evidence is irrelevant and prejudicial because the Directors assume that their motion for summary adjudication as to Nu Image's equitable estoppel defense will be granted. *See* Directors' Motion in Limine No. 2 (Dkt. No. 81). Nu Image argues in its opposition, concurrently filed, that even if the Directors' motion were granted, the Directors' promises are also relevant to its defenses of Accord and Satisfaction and Good Faith and should not be excluded.

## IV. DEFENDANT'S POSITION ON ISSUES OF LAW

- **Contracts construed against the drafter:** Nu Image contends that, as drafters of the labor contracts in question, the Plans and IATSE officials should have any ambiguous provisions construed against it. *See* Cal. Civil Code § 1654 "In case of uncertainty not removed by the preceding rules, the language of a

contract should be interpreted most strongly against the party who caused the uncertainty to exist."); *see also Building Service Emps. Pension Trust*, 828 F.2d at 578.

- **Nu Image's equitable estoppel defense properly precludes the Directors' claims based on their oral promises.** The Directors previously moved to strike Nu Image's equitable estoppel affirmative defense (Dkt. No. 30), which the Court denied (Dkt. No. 43). Nonetheless, Nu Image anticipates that the Directors will raise this legal issue again at trial. Nu Image contends that its assertion of this affirmative defense is proper and preclusive of Plaintiffs' claims, as discussed above. *See Audit Services, Inc.*, 641 F.2d at 762; *Oregon Laborers-Employers Trust Funds v. Pacific Fence and Wire Co.*, 726 F. Supp. 786, 788 (D. Ore. 1989) ("[t]he Ninth Circuit has allowed an employer to raise the defense of estoppel in an action to collect delinquent trust fund contributions"); *Teamsters & Employers Welfare Trust of Illinois v. Gorman Brothers Ready Mix*, 283 F.3d 877 (7th Cir. 2002).

## V. BIFURCATION OF ISSUES

Nu Image has filed a motion to bifurcate the liability and damages phases of the trial. *See* Dkt. No. 82. Nu Image anticipates that the Directors will file an opposition brief on October 27, 2014.

## VI. ISSUES WHICH ARE TRIABLE TO A JURY

The First Amended Complaint contains issues and claims that are appropriately tried to the Court; neither side has demanded a jury trial.

## VII. ATTORNEYS' FEES

Both sides seek attorneys' fees and costs of suit. The Directors additionally claim costs of audit.

## VIII. ABANDONMENT OF ISSUES

Nu Image asserted various Affirmative Defenses in its Answer to Plaintiffs' FAC on which it does not anticipate relying at this time. Those Affirmative

Defenses—Failure to State a Cause of Action (First), Failure to Establish Prerequisites under ERISA § 502(g)(2)(E) (Second), Exclusive Jurisdiction of Arbitration under IATSE Agreements (Third), Failure to Permit Exhaustion of Administrative Remedies (Fourth), Contribution (Seventh), and Indemnity (Eighth) —are not addressed in this Memorandum. Subject to the presentation of Plaintiffs' case at trial, however, Nu Image reserves the right to rely on these Affirmative Defenses.

## IX. CONCLUSION

For the reasons stated above, judgment is proper as to each cause of action in Nu Image's favor.

Dated: October 27, 2014　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Barbara A. Fitzgerald*
　　　Barbara A. Fitzgerald

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
Attorneys for Defendant Nu Image, Inc.

DB2/ 25394437.2